## HORNER *v.* UNITED STATES. No. 1.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 1051. Argued January 13, 14, 1892. — Decided February 29, 1892.

Under § 3894 of the Revised Statutes, as amended by the act of September 19, 1890, c. 908, (26 Stat. 465,) in regard to the carriage of lottery matter in the mail, it is an offence to cause a lottery circular, mailed at the city of New York, and addressed there to a person in Illinois, to be delivered to such person in Illinois, by mail, and an indictment for so doing is triable in Illinois.

The statute is constitutional, under the decision in *Ex parte Rapier, ante,* 110.

Where a person is committed in one district, by a United States commissioner, for trial in another, the question of his identity cannot be reviewed on *habeas corpus.*

THIS was an appeal from a judgment of the Circuit Court, dismissing a writ of *habeas corpus.* The case is stated in the opinion.

*Mr. Alfred Taylor* for appellant. *Mr. Frederick S. Parker* and *Mr. Herman Aaron* were with him on the brief.

*Mr. Solicitor General* for the appellees.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

On the 13th of January, 1891, an indictment was found by a grand jury of the District Court of the United States for the Southern District of Illinois, against Edward H. Horner, charging that, on December 28, 1890, he unlawfully and knowingly deposited and caused to be deposited, in the post office at New York, in the State of New York, "a certain circular containing a list of prizes awarded at the drawing of a lottery, which said circular was then and there numbered 538, and purported to be issued from the banking-house of

E. H. Horner, at 88 Wall street, and was dated at New York, December 27, A.D. 1890, and was then and there addressed to Mrs. M. Schuchman, 624 Illinois St., Belleville, Ill., in said district, and was then and there carried by mail for delivery to said Mrs. M. Schuchman, at 624 Illinois street, in Belleville, Illinois, in said district, according to the said direction thereon."

There was a 2d count, charging Horner with having, on December 30, 1890, unlawfully and knowingly deposited, and caused to be deposited, in the post office at New York, in the State of New York, a certain circular containing lists of prizes awarded at the drawings of certain specified lotteries, " which said circular was then and there enclosed in a sealed envelope, duly stamped with postage stamps for the amount of postage required thereon by law, and was then and there addressed, upon the outside of said envelope, to Mrs. M. Schuchman, 624 Illinois St., Belleville, Illinois, in said district, and was then and there, after being so deposited in the post office as aforesaid, carried by mail for delivery to said Mrs. M. Schuchman, at 624 Illinois street, in Belleville, Illinois, in said district, according to the direction thereon."

A 3d count charged that Horner, on December 28, 1890, unlawfully and knowingly deposited, and caused to be deposited, in the post office at New York, in the State of New York, a certain circular containing a list of prizes awarded at the drawing of a specified lottery, " which said circular was then and there addressed to Mrs. M. Schuchman, 624 Illinois St., Belleville, Ill., in said district, and was then and there carried by mail for delivery to said Mrs. M. Schuchman, 624 Illinois street, in the State of Illinois, and in said district, according to the direction on said circular when it was so deposited in the post office at New York by said Edward H. Horner, as aforesaid."

A 4th count charged that Horner, on December 29, 1890, unlawfully and knowingly deposited, and caused to be deposited, in the post office at New York, in the State of New York, " a certain printed publication having a caption of the tenor following, viz., ' banking-house of E. H. Horner, No. 88 Wall street,' bearing date at New York on the 27th day of Decem-

ber, A.D. 1890, and numbered 538, containing a list of prizes awarded at the drawing of a lottery; which said publication was then and there enclosed in a sealed envelope, duly stamped with postage stamps, and was addressed to Mrs. M. Schuchman, 624 Illinois St., Belleville, Ill., in said district, and was then and there carried by mail, after being so deposited as aforesaid, for delivery to Mrs. M. Schuchman, 624 Illinois street, Belleville, Illinois, in said district, according to said direction thereon."

A 5th count charged that Horner, on the 31st of December, 1890, within said Southern District of Illinois, unlawfully and knowingly, did " cause to be delivered by mail to Mrs. M. Schuchman, 624 Illinois St., at Belleville, in the State of Illinois, and in said district, a certain circular containing a list of prizes awarded at the drawing of a lottery in two-and-a-half per cent city of Antwerp bonds of 1887, at Antwerp, on the 10th day of November, A.D. 1890; which said circular was then and there numbered 538, and had a caption printed thereon, in substance, as follows, viz., ' banking-house of E. H. Horner, No. 88 Wall street,' and was dated on the 27th day of December, A.D. 1890; which said circular he, the said Edward H. Horner, theretofore, to wit, on the 29th day of December, A.D. 1890, did knowingly deposit, and cause to be deposited, in the post office at New York, in the State of New York, addressed to said Mrs. M. Schuchman, at 624 Illinois St., in Belleville, in the State of Illinois, and which said circular was then and there carried by mail for delivery to said Mrs. M. Schuchman, 624 Illinois street, at Belleville, in the State of Illinois, according to said direction so upon said circular, as aforesaid."

That indictment was founded on § 3894 of the Revised Statutes of the United States, as amended by the act of September 19, 1890, c. 908, 26 Stat. 465, which reads as follows: " No letter, postal card or circular concerning any lottery, so-called gift concert, or other similar enterprise offering prizes dependent upon lot or chance, or concerning schemes devised for the purpose of obtaining money or property under false pretences, and no list of the drawings at any lottery or similar

scheme, and no lottery ticket or part thereof, and no check, draft, bill, money, postal note or money order for the purchase of any ticket, tickets or part thereof, or of any share or any chance in any such lottery or gift enterprise, shall be carried in the mail or delivered at or through any post office or branch thereof, or by any letter carrier; nor shall any newspaper, circular, pamphlet or publication of any kind containing any advertisement of any lottery or gift enterprise of any kind offering prizes dependent upon lot or chance, or containing any list of prizes awarded at the drawings of any such lottery or gift enterprise, whether said list is of any part or of all of the drawing, be carried in the mail or delivered by any postmaster or letter carrier. Any person who shall knowingly deposit or cause to be deposited, or who shall knowingly send or cause to be sent, anything to be conveyed or delivered by mail in violation of this section, or who shall knowingly cause to be delivered by mail anything herein forbidden to be carried by mail, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than one year, or by both such fine and imprisonment for each offence. Any person violating any of the provisions of this section may be proceeded against by information or indictment and tried and punished, either in the district at which the unlawful publication was mailed or to which it is carried by mail for delivery according to the direction thereon, or at which it is caused to be delivered by mail to the person to whom it is addressed."

On the 15th of January, 1891, a post office inspector made a complaint on oath before John A. Shields, a United States commissioner for the Southern District of New York, founded on the said indictment, and on a bench warrant issued thereon by the judge of the District Court of the United States for the Southern District of Illinois, asking for the arrest of Horner. Commissioner Shields thereupon, on the same day, issued a warrant to the marshal of the United States for the Southern District of New York, for the arrest of Horner and the bringing of him before the said commissioner. Horner was arrested and brought before the commissioner. He de-

manded an examination respecting the charge, and in default of $5000 bail, was committed to the custody of the marshal, to be thereafter brought up for examination.   The examination took place before the commissioner, and was attended by counsel for the government and for Horner, with the result, that the commissioner committed him to the custody of the marshal to await a warrant for his removal by the District Judge of the United States for the Southern District of New York, the commissioner certifying that it appeared to him, from the testimony offered, that Horner was the person charged in the warrant, and that there was probable cause for believing him guilty of the offence charged, and that he was thereby committed for trial at the Southern District of Illinois.

The District Judge of the United States for the Southern District of New York issued a warrant to the marshal for that district, to remove Horner to the Southern District of Illinois, "to be tried in said district upon such counts in the indictment now pending in said district as the said Edward H. Horner can be legally tried upon."   In issuing that warrant, the District Judge delivered an opinion, (44 Fed. Rep. 677,) basing his decision upon the ground that the fifth count of the indictment charged an offence which was not, and could not be, completed without the delivery of the matter by mail to the person to whom it was addressed; that such offence consisted, under the third clause of the statute, in knowingly causing the prohibited matter to be delivered by mail; that, under the fifth count, although the voluntary act began in New York, by deposit in the mail, the offence of causing the delivery by mail could not be consummated except by delivery to the person and at the place intended; that, in whatever way Horner might have caused such delivery to be made, either by deposit in the mail at New York or elsewhere, and wherever his voluntary act might have begun, the offence under the third clause of the statute, charged in the fifth count of the indictment, was not committed until the delivery by mail was made; that, when such delivery was made, the offence was committed, and was committed at the

place where the delivery was made, in accordance with the intent of Horner and by his procurement; although it might perhaps also be deemed to have been committed at the place of deposit; and that the offence charged in the fifth count was, therefore, triable in Illinois, under the Constitution of the United States as well as § 731 and § 3894 of the Revised Statutes, as amended; citing *In re Palliser*, 136 U. S. 257.

Section 731 of the Revised Statutes of the United States reads as follows: "When any offence against the United States is begun in one judicial circuit and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein." The words "judicial circuit" in that section are probably printed by a clerical error for "judicial district," as, in § 30 of the act of March 2, 1867, c. 169, 14 Stat. 484, from which § 731 is taken, the words are "judicial district."

On the same day on which the warrant of removal was issued, Horner presented a petition to the Circuit Court of the United States for the Southern District of New York, setting forth, in substance, the foregoing facts, and praying for a writ of *habeas corpus* to the marshal and for a writ of certiorari to the commissioner. The writs were issued, Horner was brought before the Circuit Court, and the commissioner made a return to the writ of certiorari. The Circuit Court, held by Judge Lacombe, dismissed the writ of *habeas corpus* and remanded Horner to the custody of the marshal; and afterwards, on its order, he was released on $2500 bail, pending an appeal by him to this court, which appeal was duly allowed, and perfected, and the record filed in this court, prior to the passage of the Circuit Courts of Appeals act of March 3, 1891, c. 517, 26 Stat. 826. Therefore, no question arises as to the jurisdiction of the appeal by this court.

The appellant has filed 23 assignments of error, 13 of which attack the sufficiency of the counts of the indictment, 6 of them allege that the warrant of removal, if executed, will deprive Horner of the right secured to him by article 3, § 2,

of the Constitution of the United States, and the 6th Amendment to said Constitution, to be tried in the State and district wherein the crime was committed; one of them alleges that the warrant of removal is so indefinite and uncertain as not to apprise Horner of the nature of his offence, and so violates the 6th Amendment to the Constitution; one of them alleges that the Horner who is in custody is not the person charged in the indictment; and the remaining 2 are of a general character, assigning no special ground of error.

The point is taken for Horner that § 3894 of the Revised Statutes, as amended by the act of September 19, 1890, is unconstitutional and void, as being in violation of the 1st Amendment to the Constitution, which provides that "Congress shall make no law . . . abridging the freedom of speech or of the press." But this question was disposed of by the decision of this court recently made in *Ex parte Rapier*, *ante*, 110.

It is further urged, that Horner is held for trial in the Southern District of Illinois, for acts committed in the Southern District of New York. But we agree with the District Judge in his opinion that, whatever may be said of the first 4 counts of the indictment, the 5th count is good, for the reasons stated by him. That count distinctly alleges that Horner unlawfully and knowingly caused to be delivered by mail, to Mrs. Schuchman, at Belleville, in the State of Illinois, and in the Southern District of Illinois, a certain circular containing a list of prizes awarded at the drawing of the lottery specified in that count. The allegation of the count, that such circular had been knowingly deposited, and caused to be deposited, by Horner, in the post office at New York, addressed to Mrs. Schuchman at Belleville, Illinois, and that such circular was then and there carried by mail for delivery to her at said Belleville, according to the direction so upon it, is inserted merely to show how the circular came to be in the mail; but the gravamen of the charge is, that Horner unlawfully and knowingly caused the circular to be delivered by mail to Mrs. Schuchman, at Belleville, Illinois, in the Southern District of Illinois.

It is made a distinct offence in § 3894, as amended, knowingly to cause to be delivered by mail anything forbidden by the statute to be carried by mail ; and the same section declares, that no circular concerning any lottery or other similar enterprise offering prizes dependent upon lot or chance, and no list of the drawings at any lottery or other similar scheme, shall be carried in the mail. The last clause of § 3894, as amended, provides that any offender may be indicted, tried and punished either in the district at which the unlawful publication was mailed, or to which it is carried by mail for delivery according to the direction thereon, or at which it is caused to be delivered by mail to the person to whom it is addressed. The distinct and separate crime charged in the 5th count of the indictment was committed in the Southern District of Illinois, and is triable there. This is fully shown by the case of *In re Palliser*, 136 U. S. 257.

The District Judge, in exercising his jurisdiction, under § 1014 of the Revised Statutes, to issue a warrant for the removal of Horner to the Southern District of Illinois, had a right to determine whether or not the offence was within the jurisdiction of the District Court of the United States for that district, and that determination was reviewable by *habeas corpus*. *Callan* v. *Wilson*, 127 U. S. 540.

Objection is also made to the language of the warrant of removal, in that it directs the marshal to remove Horner to the Southern District of Illinois, " to be tried in said district upon such counts in the indictment now pending in said district as the said Edward H. Horner can be legally tried upon." It is urged that, notwithstanding this language, the warrant puts Horner upon trial in the Southern District of Illinois upon the whole indictment, and that it is void for indefiniteness, and does not inform Horner of the nature and cause of the accusation against him.

We do not think there is any force in either of these objections. If Horner should be put upon trial in Illinois upon all the counts of the indictment, he can demur to any of them, and thus have it determined which of the counts he shall meet. The 5th count is sufficiently specific, and the deter-

mination in the warrant of removal is only that there is at least one count of the indictment upon which Horner may be tried in Illinois.    That is quite sufficient.

The question of the identity of Horner was a question of fact, which the United States commissioner had full jurisdiction to decide, for the purpose of removal; and his decision will not be reviewed on *habeas corpus. In re Cortes*, 136 U. S. 330; *Stevens* v. *Fuller*, 136 U. S. 468.

The fact that one of the witnesses before the commissioner stated " that the person now in custody is Edward H. Horner, of the city of New York," serves only to confirm his identity with the person charged in the indictment, because it is alleged therein, and particularly in the 5th count, that the circular was deposited in the post office at New York, and purported to come from the banking-house of Horner in that city.

The order of the Circuit Court, dismissing the writ of *habeas corpus* and remanding the accused, is

*Affirmed.*