## THE PEOPLE *v.* GARCÍA.

### APPEAL from the District Court of Guayama.

#### No. 463.—Decided October 31, 1912.

CRIMINAL LAW—SEDUCTION—ELEMENTS OF CRIME OF SEDUCTION.—In order to complete the crime of seduction it is necessary not only to make a promise of marriage but to have carnal intercourse based on that promise. Nor does the carnal intercourse in itself constitute said crime without the promise of marriage.

ID.—SEDUCTION—CRIME BEGUN IN ONE DISTRICT AND COMPLETED IN ANOTHER—JURISDICTION.—When, as in the case at bar, the promise of marriage is made in one district and the act of carnal intercourse is committed in another, the district court for the district where the carnal act was committed—that is, where the crime of seduction was completed—is the court having jurisdiction of the case, and therefore a judgment of conviction rendered by the district court for the district where the promise of marriage was made is void because said court lacks jurisdiction.

ID.—ARREST OF JUDGMENT—WAIVER OF OBJECTION—JURISDICTION.—When in a case of seduction the evidence introduced at the trial shows that the district court which takes jurisdiction of the case has no such jurisdiction, for the reason that the carnal act was committed in another district, the defendant may make a motion in arrest of judgment before sentence is pronounced on the ground of lack of jurisdiction in the trial court without its being considered that he had waived his right to object to the jurisdiction of the court.

The facts are stated in the opinion.

*Mr. Luis Muñoz Morales* for appellant.

*Mr. Charles E. Foote, Fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

In this case the defendant was indicted for seduction. He pleaded "not guilty" and a trial was had on April 23 last. which proceeded in the usual course. The case was submitted to the court without a jury, and after hearing the evidence the court found the defendant guilty, setting the 26th of the same month in order to pronounce sentence. On that day, prior to the sentence being pronounced, the accused presented a motion in arrest of judgment based on the allegation that the court lacked jurisdiction of the case because the crime was consummated in the Judicial District of San Juan and

not in the Judicial District of Guayama. The question of jurisdiction had not previously been raised, as it was based on facts developed in the course of the trial. It appears that while the promise of marriage was made in Cayey in the Judicial District of Guayama, the carnal act was committed in the city of San Juan, without the said judicial district. The trial court overruled the motion in arrest of judgment and the defendant presented a motion for a new trial, which was also denied. The defendant did not appeal from the order overruling the motion for a new trial, but appealed from the judgment itself. On April 29, 1912, the defendant was sentenced to the punishment of three years in the penitentiary at hard labor and the payment of the costs. It was from this judgment that the appeal was taken.

Mr. Muñoz Morales appeared in court on behalf of the appellant, filed a brief, and made an oral argument based on the point that the offense was not consummated within the Judicial District of Guayama and consequently the trial court was without jurisdiction. In this contention the *fiscal* agrees with the attorney for the appellant. However, he cites a New York case—*The People* v. *Crotty,* 9 N. Y., Supp., 937—which holds that such a case could be prosecuted, tried, and decided in either of the districts, but calls attention to the fact that this decision was based on a special statute of the State of New York and that we have no such statute in Porto Rico. The *fiscal* also cites section 8 of our Code of Criminal Procedure, alleging that this is the only legislation which we have on the subject, and which says that the jurisdiction of an offense is in the district court of the district where the offense has been committed.

The question arises in this case whether or not the crime was committed in Cayey or in San Juan. To complete the offense it is necessary not only to make a promise of marriage but to have carnal intercourse based on that promise. It may be truly said that the offense is not entirely complete,

and it is not, until the carnal act is consummated, but it is equally true that the offense of seduction would not be complete by the carnal act without the promise of marriage. Then the question arises as to where is to be found the proper venue and the jurisdiction in this case.

At common law, as was stated by Lord Chief Justice Hale, where a mortal stroke is given in one county and the victim dies in another, the crime was held to be committed in the county where the stroke was given, the death being merely a consequence of the stroke. (*Ball* v. *U. S.*, 140 U. S., 134.)

It is provided in the Constitution of the United States and in various State constitutions that in all criminal prosecutions the accused shall have the right to be tried in the State and district wherein the crime shall have been committed, but there are many statutes which provide that when an offense against the law is begun in one district and completed in another it shall be deemed to have been committed in either one or the other and may be dealt with, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein (Revised Statutes of the United States, sec. 731).

And it has been held that the offense of tendering a contract for the payment of money in a letter which is mailed in one district and addressed to a postmaster in another, seeking to induce him to violate his official duty, may be tried in the district in which the letter is received by the officer (*In re* Palliser, 136, U. S., 257).

This case is cited with approval in the Ball case, above referred to, and also in the cases of *Horner* v. *U. S.*, 143 U. S., 214, and *Dealy* v. *U. S.*, 152 U. S., 546.

But all of these cases, like the Crotty case, referred to above, were tried and decided under special statutes, and we are left to general principles in the determination of the case at bar.

We may revert to the fact that in our Code of Criminal

Procedure, section 8, above cited, the word "jurisdiction" is used and not "place of trial," and the district court of the district where the offense has been committed is given jurisdiction of the prosecution. The offense of seduction in the case at bar was certainly not completed within the district of Guayama but the crime was consummated in the Judicial District of San Juan, according to the testimony contained in the record. For that reason the District Court of San Juan, under our Code of Criminal Procedure, has jurisdiction of the offense, and *not* the District Court of Guayama. This feature of the case was not developed until the testimony was taken, and when the defendant made a motion in arrest of judgment, based on the want of jurisdiction in the trial court, he was in ample time to save his rights and had waived none of them. In fact, if the District Court of Guayama had no jurisdiction of the case the judgment rendered by it was null and void and must have been set aside by this court, even though no motion whatever had been made in the trial court; but the refusal of the trial judge to grant the motion in arrest of judgment is assigned as error, and, in fact, relied upon as the only error in the case, and we must regard it as fatal.

Then, the District Court of Guayama not having jurisdiction of the case at bar, the judgment of that court, rendered on April 29, 1912, must be set aside and the prosecution dismissed.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.