## MORAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1920.)

No. 3327.

1. **Criminal law ⬤⇒335—Prosecution must prove venue.**

Under the sixth constitutional amendment, which guarantees to an accused the right to trial by a jury of the state and district wherein the crime shall have been committed, the venue is as material as any other allegation in the indictment, and the burden of proving it rests upon the government.

2. **Criminal law ⬤⇒815(4)—Intoxicating liquors ⬤⇒239(1)—Instruction in prosecution for interstate transportation held erroneous.**

On trial of defendant in a federal court in Tennessee, charged with violation of Reed Amendment March 3, 1917, § 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a), by purchasing whisky in Missouri and causing it to be transported into Tennessee, where defendant was arrested in Mississippi with whisky in his possession, an instruction that defendant was guilty if the whisky was purchased by some one in Missouri to be shipped to Tennessee, and after it reached a point in Mississippi defendant was hired to carry it from there to another point in Mississippi and there deliver it to a person from Tennessee, *held* erroneous, as ignoring the essential element of guilty knowledge of defendant, also as not defining an offense within the jurisdiction of the court.

3. **Intoxicating liquors ⬤⇒138—Transporting into prohibition state defined.**

The offense of "causing liquor to be transported" in interstate commerce into a prohibition state, made punishable by Reed Amendment March 3, 1917, § 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a), is not committed until the liquor has actually been carried into the latter state.

4. **Intoxicating liquors ⬤⇒239(2) — Instruction in prosecution for interstate transportation held erroneous.**

On trial of a defendant in a federal court in Tennessee for violation of Reed Amendment March 3, 1917, § 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a), an instruction that he was guilty if he ordered whisky from a place in Missouri to be brought into Tennessee *held* erroneous, as not limited to an offense committed within the jurisdiction of the court; defendant having been arrested, with whisky in his pos-

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

session, in another state, and there being no evidence that it was ever in Tennessee.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Criminal prosecution by the United States against J. B. Moran. Judgment of conviction, and defendant brings error. Reversed.

Wm. R. Harrison, of Memphis, Tenn., for plaintiff in error.

T. J. Walsh, Asst. U. S. Atty., of Memphis, Tenn.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiff in error was charged under the Reed Amendment (Act March 3, 1917, c. 162, § 5 [1919 Supp. to U. S. Comp. Stat. 1916, vol. 2, p. 1825]) with having ordered, purchased and caused 29 cases of whisky to be transported in interstate commerce from Caruthersville, Mo., to a point in Tennessee in or near Memphis. This writ is to review a conviction thereunder.

While driving in a car north on a public highway at about 2 o'clock in the morning, and in the direction of Memphis, defendant was stopped by federal officers and arrested. The car contained at the time 29 cases of whisky. According to the testimony of the officers, defendant told them that he owned the whisky, that he brought it from Caruthersville, that he lived in Memphis, and was on his way to that place with the whisky.

The arresting officer testified that in his opinion the arrest was made in Mississippi, and that so far as he knew defendant had never been in Tennessee with it. Defendant also testified that the arrest was made in Mississippi, and there was no testimony to the contrary. He denied that he owned the whisky, or that he brought it from Caruthersville, stating in effect that his only connection with it was that he went from his home in Coldwater, Miss., to a point on the levee below Norfolk Landing in that state, and there got the whisky, pursuant to a request by telephone from some one, presumably at Memphis, under which arrangement defendant was to transport the whisky from the levee to Lakeview, Miss., and there deliver it to a man (inferentially, at least) from Memphis, driving a Cadillac car with a spotlight. At the close of the testimony defendant moved for directed verdict in his favor, on the ground that the offense, if there was any against the federal laws, was committed in Mississippi, and not in Tennessee, and was therefore without the jurisdiction of the court. The motion was overruled.

The jury was instructed that, if the whisky "was ordered or purchased by some one in Caruthersville to be shipped to Memphis in interstate commerce, and after it reached the landing in Mississippi the defendant was hired to bring that liquor from there to Lakeview, and deliver it there to a man from Memphis, * * * then he would be guilty of assisting in transporting that whisky in interstate commerce and would be guilty under the law, and you should so find." There was a further instruction that defendant would be guilty if he ordered the whisky from Caruthersville, to be brought into Tennessee in in-

terstate commerce. Exception was duly taken to each of these instructions, as well as to the refusal to direct verdict.

[1] The Sixth Amendment to the federal Constitution guarantees to an accused the right to a trial by a jury "of the state and district wherein the crime shall have been committed." Under this constitutional provision the venue is as material as any other allegation in the indictment, and the burden to prove it rests upon the government. Vernon v. United States (C. C. A. 8) 146 Fed. 121, 126, 76 C. C. A. 547. However, section 42 of the Judicial Code (36 Stat. 11 [Comp. St. § 1024]) provides that, when an offense against the United States is begun in one judicial district and completed in another it shall be deemed to have been committed in either, and may be inquired of, tried, determined, and punished in either district, as if it had been actually and wholly committed therein. As stated in Burton v. United States, 202 U. S. 344, 387, 26 Sup. Ct. 688, 701 (50 L. Ed. 1057, 6 Ann. Cas. 392):

"The constitutional requirement is that the crime shall be tried in the state and district where committed, not necessarily in the state or district where the party committing it happened to be at the time."

In other words, "there may be a constructive presence in a state, distinct from a personal presence, by which a crime" committed in another state "may be consummated," and so be punishable there. Hyde v. United States, 225 U. S. 347, 362, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614. As said in Brown v. Elliott, 225 U. S. 392, 402, 32 Sup. Ct. 812, 816 (56 L. Ed. 1136), the law and spirit of the Constitution "are satisfied if, where a criminal purpose is executed, the criminal purpose be punished," and in accordance with the principle (which antedated the statute above cited) that an offense begun in one district and completed in another may be prosecuted in either district, prosecutions for conspiracy may be maintained either in the district in which the conspiracy is entered into or in the district in which an act was done to effectuate the object of the conspiracy. Hyde v. United States, supra; Brown v. Elliott, supra; Shea v. United States (C. C. A. 6) 236 Fed. 97, 101, 149 C. C. A. 307, and cases there cited.[1]

Whether under the principles above referred to, the facts of the case may, on another trial, so appear, by virtue of the contract of carriage or otherwise, as to make defendant constructively present in Tennessee when actually engaged in transporting the whisky into (although he

[1] The general principles above stated are illustrated by In re Palliser, 136 U. S. 257, 262, 10 Sup. Ct. 1034, 34 L. Ed. 514, et seq., holding that the offense of tendering a contract for the payment of money in a letter mailed in one district, and addressed to a public officer in another, to induce him to violate his official duty may be tried in the district in which the letter is received by the officer; Horner v. United States, 143 U. S. 207, 12 Sup. Ct. 407, 36 L. Ed. 126, holding that the offense of sending lottery material in the mails from one state to another may be tried in the latter state, although the defendant was not personally present when the offense was completed by the delivery of the lottery material; Lamar v. United States, 240 U. S. 60, 36 Sup. Ct. 255, 60 L. Ed. 526, holding that a false impersonation by telephone of an officer of the United States, condemned by section 32 of the Criminal Code (Comp. St. § 10196), takes effect where the hearer is, and whether the speaker is or is not in the district where the former is.

had not reached) that state, we of course have no means of knowing. Indeed, the general principles we have been considering do not seem to have been definitely considered by counsel or by the court below,

[2] In our opinion, however, it was reversible error to charge as and we therefore make only this passing reference to the subject. in the first of the two instructions above quoted. This instruction disregards not only the element of guilty knowledge, without which defendant could not be convicted (Ousler v. United States, 263 Fed. 968, —— C. C. A. ——, decided by this court March 2, 1920), but also the question of venue. Under the instruction in question it was not made necessary to conviction that defendant should have done any unlawful act in Tennessee, actually or constructively, and the instruction was not addressed to any crime which, so far as participated in by defendant, was begun in one judicial district and completed in another.

The exception to this instruction distinctly called the court's attention to its infirmity. It was stated to be to that part of the instruction—

"where the jury is charged that, if some one else ordered or purchased whisky to be brought into the state of Tennessee, and the defendant was employed to carry it to Lakeview, Miss., from some point in Mississippi, that he is guilty. * * * I ask the court to instruct the jury in that connection that it must be shown beyond a reasonable doubt that the defendant had an agreement with the parties who employed him that this liquor was to be delivered and carried into the city of Memphis, that it was with his knowledge and consent, and that there was an existent conspiracy."

[3] While it is true that defendant would be liable under the statute (in some judicial district) if he either ordered or purchased liquor to be transported in interstate commerce into Tennessee, the instruction we are considering related only to causing it to be so transported. In Jones v. United States (C. C. A. 6) 259 Fed. 104, 105, —— C. C. A. ——, it was said:

"It may, at least for the purpose of this case, be conceded that the offense defined by these last words ['caused to be transported'] has not been committed until the liquor has actually been carried across the state line into the 'dry' state."

In Bishop v. United States, 259 Fed. 197, —— C. C. A. ——, it was said by Judge Denison, speaking for this court:

"However, since it does not appear that Bishop had anything to do with purchasing or ordering the liquor, the conviction cannot be sustained, unless the record fairly indicates that he had crossed the state line while he was still acting voluntarily."

An instruction which ignored any relation on defendant's part to the purchasing or ordering is governed by the same considerations. Further support for this view is found in United States v. Collins (D. C.) 254 Fed. 869, 873.

[4] We also think that the second instruction quoted in the earlier part of this opinion was improper, for the reason that jurisdiction was not made to depend upon the performance of any unlawful act within the jurisdiction of the court below, either actually or construc-

tively. As the case must be tried again, it is proper to say that, if it was open to the jury to find that the whisky had at the time of the arrest actually been brought into Tennessee, the motion to direct verdict was, in any event, properly denied. Defendant's alleged admissions to the officers regarding the ownership of the whisky and its transportation from Missouri were, if believed, sufficiently corroborated by the facts established independently of such admissions, in connection with· his own testimony upon the trial. Rivalto v. United States (C. C. A. 6) 259 Fed. 101, —— C. C. A. ——; Tucker v. United States (C. C. A. 6) 259 Fed. 208, 210, —— C. C. A. ——. As we understand the present record, however, there was no evidence that the liquor had been in Tennessee; for we cannot, on this review, consider the fact that it was presumably brought by water from Caruthersville, Mo., as evidence that the liquor had been in Tennessee in the course of its river transportation to Norfolk Landing. The situation disclosed in Bishop v. United States, supra, as to the course taken in the transportation in that case, was not presented below, or its existence even suggested.

The judgment of the District Court is accordingly reversed, and the record remanded, with instructions to award a new trial.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes