### ALBURY v. DYSON, United States Marshal.*

(Circuit Court of Appeals, Fifth Circuit. January 16, 1923.) -

No. 3867.

1. **Criminal law ⬅️242(1)—Submission to hearing gives jurisdiction to order removal to another district.**

Where a prisoner, under arrest for removal to another district for trial on an indictment there pending, submitted to the hearing before the District Judge, the District Court had jurisdiction to order his removal for trial, even though the warrant and other preliminary proceedings were illegal.

2. **Habeas corpus ⬅️92(1)—Question of identity of accused cannot be reviewed.**

Where the trial court had jurisdiction over proceedings for the removal of a prisoner to another district for trial, the identity of the accused was a matter of fact for its determination, which cannot be reviewed on habeas corpus.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied February 20, 1923.

3. Criminal law ⚖══242(5)—Indictment is prima facie evidence of commission of offense.

An indictment is prima facie evidence of the commission of the offense which is charged, and is sufficient to justify an order for the removal of accused to another district for trial, where he offers no evidence to overcome the prima facie case.

Appeal from the District Court of the United States for the Southern District of Florida; William I. Grubb, Judge.

Habeas corpus proceeding by Charles E. Albury against Benjamin E. Dyson, United States Marshal for the Southern District of Florida. From an order dismissing the writ, the prisoner appeals. Affirmed.

Samuel J. Barco and Harry Hawkins, both of Miami, Fla., for appellant.

Francis A. McGurk, Sp. Asst. Atty. Gen., and Wm. M. Gober, U. S. Atty., and Maynard Ramsey, Asst. U. S. Atty., both of Jacksonville, Fla., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Appellant was arrested and brought before the District Judge upon a warrant under section 1014 of the Revised Statutes (Comp. St. § 1674), to secure his removal to the Eastern district of New York, where he was under indictment. The warrant was issued by the District Judge, and testimony was taken before him tending to prove the identity of the accused, and the indictment was filed in evidence. After the hearing, the judge dismissed a writ of habeas corpus and remanded the prisoner for trial in New York. This appeal is from the order dismissing the writ of habeas corpus.

A few days prior to the issuance of the warrant on which the hearing was had, a similar warrant had been issued, returnable before the District Judge at Jacksonville. Upon appellant being arrested, however, he was taken before a commissioner at Miami, and gave bond for his appearance for preliminary hearing at that place. It was for the purpose of securing appellant's appearance before the judge himself that the second warrant was issued.

The warrant, upon which the hearing was had by the District Judge, was based upon an affidavit made on information and belief. This affidavit alleges that the indictment was in affiant's possession, but it is not affirmatively shown that the indictment was before the District Judge at the time he issued the warrant. Upon this state of facts it is contended that the affidavit was defective, and that the District Judge erred in basing the warrant of arrest upon it.

[1-3] Appellant submitted to the hearing, and therefore the court had jurisdiction, even though it be conceded that the preliminary proceedings were irregular (Crosland v. Dyson [C. C. A.] 280 Fed. 105), and the application for writ of habeas corpus came too late (Kaizo v. Henry, 211 U. S. 146, 29 Sup. Ct. 41, 53 L. Ed. 125). The trial court having jurisdiction, the identity of the accused became a matter of fact for its determination, and cannot be reviewed on habeas corpus. Horn-

⚖══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

er v. United States, 143 U. S. 207, 12 Sup. Ct. 407, 36 L. Ed. 126. The indictment constitutes prima facie evidence of the commission of the offense which is charged.   Beavers v. Henkel, 194 U. S. 73, 24 Sup. Ct. 605, 48 L. Ed. 882.   No evidence was offered by appellant, and consequently the prima facie case shown is not overcome.

The judgment is affirmed.