### ANDRADE v. UNITED STATES et al.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1927.)

No. 4880.

1. Criminal law ⬦113—Indictment may be found and trial had for use of mails to defraud in district of delivery of letter (Criminal Code, § 215 [Comp. St. § 10385]).

For offense under Criminal Code § 215 (Comp. St. § 10385), as to use of mails in scheme to defraud, indictment may be found and trial had in the district of delivery of the letter, as well as that of deposit thereof.

2. Criminal law ⬦107—Constitution does not entitle one to trial in district of residence (Const. Amend. 5).

Neither Const. Amend. 5, nor any other provision of the Constitution, entitles one to be tried for crime in district of his residence.

3. Criminal law ⬦113—Offense is cognizable in district where begun or completed (Judicial Code, § 42 [Comp. St. § 1024]).

Under Judicial Code, § 42 (Comp. St. § 1024), criminal offense begun in one district and completed in another is cognizable in either.

4. Criminal law ⬦242(1)—Hardship of being tried away from home allows no exception to statute for removal to district of trial (Rev. St. § 1014 [Comp. St. § 1674]).

Rev. St. § 1014 (Comp. St. § 1674), providing for removal of accused from district

where he is to district where offense is to be tried, leaves court no discretion to make exception on account of hardship of being taken from his home and required to defend in another district.

**5. Criminal law ☞113—Selection of district for indictment and trial, where offense is cognizable in more than one, is not for court.**

Where criminal offenses is cognizable in more than one district, it is not a function of court to select district in which charge is to be made.

**6. Constitutional law ☞259—Criminal law ☞ 113—Unnecessarily selecting for trial district other than that of accused's residence is not oppression, nor deprivation of due process of law.**

It is not an oppression in law, nor a deprivation of due process of law, for prosecuting officials to select district other than that of accused's residence for trial, though that district might have been selected.

Appeal from the District Court of the United States for the Northern District of Texas; Joseph C. Hutcheson, Judge.

Criminal prosecution by the United States against C. Andrade, 3d. From an order discharging a writ of habeas corpus and granting petition for accused's removal to another district for trial (10 F.[2d] 572), he appeals. Affirmed.

Will C. Austin, Charles L. Morgan, and W. E. Allen, all of Fort Worth, Tex. (Charles L. Morgan and Goree, Odell & Allen, all of Fort Worth, Tex., on the brief), for appellant.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex. (Morrow H. Boynton, Asst. U. S. Atty., of Ballinger, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from an order discharging a writ of habeas corpus sued out by the appellant and granting a petition for an order for his removal to the Southern district of California, to answer an indictment found in that district which charged that he, for the purpose of executing an alleged scheme to defraud, unlawfully, willfully, and feloniously caused to be delivered in that district by mail described letters according to the direction thereon, which letters the accused had placed and caused to be placed in the United States post office at Fort Worth, Tex.

The order is complained of on the grounds: (1) That appellant was not subject to be indicted in the Southern district of California and tried there for the crime charged in the indictment; and (2) that as appellant resides at Fort Worth, Tex., and his uncontradicted testimony showed that he is financially unable to procure the attendance in California of witnesses residing in Texas and Arkansas, whose testimony is necessary to his defense, the order for his removal to California for trial there was violative of his rights under the Fifth Amendment to the Constitution of the United States.

[1] A charge under section 215 of the Criminal Code (Comp. St. § 10385) of knowingly causing a letter to be delivered by mail according to the direction thereon for the purpose of executing an alleged scheme to defraud may be made and tried in the district of the delivery, as well as that of the deposit of the letter. Salinger v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989. It follows that the first-mentioned ground on which the order appealed from is challenged is not a tenable one.

[2-4] Neither the Fifth Amendment nor any other provision of the Constitution entitles one to be tried for a criminal offense in the district where he resides. Under section 42 of the Judicial Code (Comp. St. § 1024) a criminal offense begun in one district and completed in another is cognizable in either, and the statute (R. S. § 1014 [Comp. St. § 1674]), providing for the removal of the accused from the district where he is to the district where the offense is to be tried, leaves the court no room to make an exception where Congress has made none, though the accused is subjected to the hardship of being taken from his home, rather than the victims of the crime charged being taken from theirs. Haas v. Henkel, 216 U. S. 462, 473, 30 S. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; Hyde v. United States, 225 U. S. 347, 363, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Hyde v. Shine, 199 U. S. 62, 25 S. Ct. 760, 50 L. Ed. 90.

[5, 6] Where a criminal offense is cognizable in more than one district, it is not a function of a court to select the district in which the charge is to be made and prosecuted, and it is not an oppression in law, nor a deprivation of due process of law, for the prosecuting officials to select a district other than that of the accused's residence, though that district might have been selected. Haas v. Henkel, supra. Were the government attempting to prosecute in both places, a question might arise as to whether it should be required to elect between them; but that question is not presented, as there was no attempt to prosecute the appellant in more than one place. Salinger v. Loisel, supra.

The order appealed from is affirmed.