### COCHRAN et al. v. ESOLA, Marshal.

### No. 6975.

Circuit Court of Appeals, Ninth Circuit.

Nov. 21, 1933.

For former opinion, see 67 F.(2d) 91.

Marshall B. Woodworth and Frank B. Lorigan, both of San Francisco, Cal., for appellants.

I. M. Peckham, U. S. Atty., and Leo C. Dunnell, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

PER CURIAM.

In their petition for a rehearing, the appellants assert that the appellant Cochran "cannot be guilty of the offense charged," which this court has found was committed in the Eastern District of Washington, Northern Division, "for the simple reason that he was not in the Eastern District of Washington, Northern Division, at any of the times set forth in the indictment, as was uncontradictedly established by the evidence."

The appellants also contend that "it is elementary that a person not in the state where the alleged offense is charged to have been committed cannot be guilty of such offense in that state."

We think that this is an erroneous statement of the law.

In Burton v. United States, 202 U. S. 344, 387, 26 S. Ct. 688, 701, 50 L. Ed. 1057, 6 Ann. Cas. 362, the court said: "The constitutional requirement is that the crime shall be tried in the state and district where committed; not necessarily in the state or district where the party committing it happened to be at the time." See, also, In re Palliser, 136 U. S. 257, 265, 10 S. Ct. 1034, 34 L. Ed. 514; Horner v. United States, 143 U. S. 207, 213–214, 12 S. Ct. 407, 36 L. Ed. 126; Hyde v. United States, 225 U. S. 347, 362, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Salinger v. Loisel, 265 U. S. 224, 235, 44 S. Ct. 519, 68 L. Ed. 989; Moran v. United States (C. C. A. 6) 264 F. 768, 770; Grayson v. United States (C. C. A. 6) 272 F. 553, 557, certiorari denied, 257 U. S. 637, 42 S. Ct. 49, 66 L. Ed. 409.

In support of their contention, the appellants cite a number of decisions by the Supreme Court. These decisions, however, are not applicable, either because they refer to extradition and not removal proceedings, or because they cannot be construed as the appellants claim.

Hyatt v. New York ex rel. Corkran, 188 U. S. 691, 23 S. Ct. 456, 47 L. Ed. 657, was a case in which a "proceeding by habeas corpus was commenced by the relator * * * to obtain his discharge from imprisonment by the plaintiff in error, the chief of police in the city of Albany, state of New York, who held the relator by means of a warrant issued in extradition proceedings by the governor of New York, * * * granted on a requisition from the governor of Tennessee."

Again, Price v. Henkel, 216 U. S. 488, 493, 30 S. Ct. 257, 259, 54 L. Ed. 581, cited by the appellants, is clearly no authority for their contention. The court said: "The evidence, independent of that afforded by the New York indictments, relied upon to show that appellant was not in the District of Columbia when the conspiracy is charged to have been formed, has been examined. It cannot be said to be at all conclusive. * * * Second, it does not exclude the possibility that the conspiracy

may have been formed in the District of Columbia without appellant being physically present when the conspiracy was formed. [Cases cited.]"

The petition for a rehearing is denied.