## UNITED STATES v. NEWTON.
### Cr. No. 5510.

District Court, W. D. Virginia, at Danville. Dec. 6, 1946.

Howard C. Gilmer, Acting U. S. Atty., of Pulaski, Va., for plaintiff.

L. Preston Collins, of Marion, Va., Lindsay L. Moore, of Ringgold, Va., and Jerome P. Carr, of Portsmouth, for defendant.

BARKSDALE, District Judge.

An indictment in 20 counts, charging violations of 26 U.S.C.A. Int.Rev.Code, § 3793(b) (1), was found at the September 1946 term of the Danville Division of this Court, the United States District Court for the Western District of Virginia, against J. Mills Newton, a resident of Danville. So far as it is pertinent here, the Code Section is as follows: "Any person who willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a false or fraudulent return, affidavit, claim, or document, shall (whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document) be guilty of a felony, * * *."

The first count of the indictment, which is typical, charges in part: "That on or about the 24th day of May, 1945, in the City of Danville, in the Western District of Virginia, J. Mills Newton unlawfully and feloniously did wilfully aid and assist in, and procure, counsel and advise the preparation under, and in connection with a matter arising under, the Internal Revenue laws, of a false and fraudulent claim in the sum of $79.61, based upon amended income tax returns for the years 1942 and 1943, of Cooper T. Garner and Lizzie Garner * * *, and which claim was filed with the Collector of Internal Revenue for the District of Virginia."

The court takes judicial notice of the fact, and the Government concedes, that the Office of the Collector of Internal Revenue for the District of Virginia is, and was at all times here pertinent, located at Richmond in the Eastern District of Virginia. Therefore, the actual filing of the claims referred to in the indictment was in the Eastern District of Virginia.

The defendant has filed his motion to dismiss this indictment, upon a number of grounds set out in the motion, only one of which, however, appears to me to merit serious consideration, which is, "That the court is without jurisdiction, because the offense, if any, is cognizable only in the Richmond Division of the Eastern District of Virginia." In his memorandum in support of his motion, the defendant contends that, if he has committed any crime, it was committed at Richmond in the Eastern District of Virginia where the returns and claims described in the indictment were filed, and that the indictment charges him with no crime committed in the Western District of Virginia. He therefore contends that under the familiar rule of law embodied in the Sixth Amendment of the Constitution, and Rule 18 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, any prosecution against him must be in the Eastern District of Virginia, and that no such prosecution can be maintained in this, the Western District. The Government contends that the crime charged in the indictment was committed in this, the Western District.

Whether or not, under the facts alleged in the indictment, the defendant might be

prosecuted in the Eastern District of Virginia, is not before me. The question which I must determine is whether or not the indictment properly charges the commission of a crime in this, the Western District of Virginia, and counsel have not cited me any case, nor do I find any, which passes on this precise question.

It is to be noted that, while the statute makes it a crime to aid or assist in "the preparation or presentation" of a false claim, the indictment charges only "the preparation" of false claims. Since only aid and assistance in "preparation", and not aid and assistance in "presentation", is here charged, it might be contended that the offense charged might be complete whether or not the false claim was ever filed with the Commissioner of Internal Revenue. However, I do not believe that such a contention would be sound, because it seems to me that no matter how formally and completely a fraudulent document might be prepared, it would not be a "return" or "claim" unless and until it were filed with, or presented to, a Government official such as a Collector of Internal Revenue. It seems to me that the actual filing or presentation of the false claim is not an essential element of the crime here charged, in the sense that it would not be necessary to prove that the defendant filed or presented the false claim. However, in my opinion, the fact of the filing or presentation of the false claim with the Collector, is an essential element of the crime in the sense that the filing or presentation by somebody is a necessary element of proof, because the document does not become a claim or return until so filed. If the defendant should assist a taxpayer in the preparation of the most dishonest or fraudulent kind of a return, and then immediately have a change of heart, tear up the document, and throw it in the wastebasket, it is inconceivable to me that he should have committed a crime. And even if he should assist in the preparation of such a claim and deliver it to the taxpayer with the belief that he would file it, I do not believe that he would have committed a crime unless and until the document was actually filed. Therefore, it would seem to follow that although proof of the filing or presentation by some one is

necessary in order to show that the document became an actual claim or return, it is not here charged that the defendant aided in the filing or presentation of the claims, and it would seem that the entire offense which he is charged with committing took place in the Western District of Virginia.

But even if it be assumed that the filing or presentation of the claims here involved, in Richmond, in the Eastern District of Virginia, was an essential element of the crime here charged, it would seem to me indisputable that the offense was begun in this, the Western District of Virginia, by the defendant's assistance in the preparation of the claim. It would, therefore, seem that Section 42 of the Judicial Code, 28 U.S.C.A. § 103 is applicable. This section is as follows: "When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein".

Defendant contends that this section is not applicable to the situation here under consideration, and relies upon Reass v. United States, 4 Cir., 99 F.2d 752. However, I do not think that this case supports defendant's contention.

In the Reass case, the defendant was indicted and tried in the Northern District of West Virginia for making a false statement for the purpose of influencing the action of the Federal Home Loan Bank of Pittsburg, Pennsylvania. It appeared that the false statement was prepared in the Northern District of West Virginia, and then taken in person by the defendant from West Virginia to Pittsburg, completed, and presented to the bank. The court, expressing no opinion on what the situation might have been had the defendant mailed the false statement in West Virginia, held: that the defendant had committed no crime in West Virginia; that the mere assembling of the material and its arrangement in a written composition containing the misrepresentations of fact had no effect, being only preparatory to the commission of the crime, such acts constituting no crime of them-

selves; that the crime took place entirely in Pittsburg where the writing previously prepared was presented to the bank.

But the distinction between this holding, and the instant case, is obvious: there, the crime alleged was the "making" of the false statement, which the court held to be the actual delivery of the statement to the bank: here, the crime alleged is "aiding in the preparation" of a false statement.

It is quite true that in the Reass case, Section 42 of the Judicial Code, quoted above, was held to be inapplicable to the situation there presented. This conclusion is obvious, in view of the court's holding that the actual crime there charged was the delivery of the false statement to the bank, but the opinion points out that (page 754 of 99 F.2d): "This statute [Section 42 of the Judicial Code] is particularly applicable to the jurisdiction over crimes which consist of two or more distinct elements or acts that may be committed in different districts, such as the crime of conspiracy which, under the federal statute, consists not only of the unlawful agreement, but also the commission of an overt act in furtherance thereof."

It seems to me that this statute would be applicable here, even if the offense charged was aiding in the preparation and presentation of a false claim, because under the statute, violation of which is here charged, the matter of the "preparation" is, by the very terms of the statute, at least made an essential element of the crime, if not, as I believe, the very crime itself.

Nor does it seem to me that Bowles v. United States, 4 Cir., 73 F.2d 772, supports defendant's contention. There, the defendant, a resident of the District of Columbia, was indicted in the District of Maryland, for wilfully failing to file an income tax return in one year, and for filing a false return in another year. It appeared that under the law, residents of the District of Columbia were required to file their income tax returns in the District of Maryland. The court held that the defendant was properly tried and convicted in the District of Maryland. It seems to be well settled that, where one is required by a penal statute to file a document in a certain district, failure so to do constitutes a crime in the District in which the paper was required to be filed. United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897, Rumely v. McCarthy, 250 U.S. 283, 39 S.Ct. 483, 63 L.Ed. 983. The court also held there that the defendant, being required to file his return in the District of Maryland, had violated the statute against making a false return in the District of Maryland where the return was filed, although the defendant was never personally in that District. The court did not have before it the question of whether this defendant had committed any crime in the District of Columbia, and even if this question had been before the court, its decision would not have been controlling here, because there, the prosecution was under the statute (now 26 U.S.C.A. Int.Rev.Code, § 145) requiring the making or filing of a return. The Code section here under consideration is quite different, and different principles apply, because, as was indicated in the Reass case, such crimes as making or filing false statements or returns "consist of a single act which occurs at one time and at one place in which only it may be tried, although preparations for its commission may take place elsewhere." (page 754 of 99 F.2d). The statute here under consideration, in terms, makes the matter of "preparation" an essential element of the crime.

The case of United States v. Kelley, 2 Cir., 105 F.2d 912, [913] is the only case cited to me as bearing on the particular statute here under consideration, and it is to be noted that no such question as I have here under consideration was mentioned amongst the issues listed by the court as being there under consideration. (Pages 914, 915.) Several defendants were convicted in the Southern District of New York for assisting in the preparation and presentation of fraudulent income tax returns. The only reference in the opinion to the question here under consideration is as follows: " * * * The point is made that he was never in the Southern District of New York, and could not therefore have assisted in the preparation of the returns as alleged. It would be enough answer to this to recall that the letters were sent to New York, and that they were themselves an act of assist-

ance. But we do not distinguish in this respect between the crime of aiding in the preparation and presentation of a return, and that of preparing and presenting the return. If Rabner had been indicted for preparing and presenting the return, it would have been no answer to say that he abetted that result from outside the district. Horner v. United States, 143 U.S. 207, 12 S.Ct. 407, 36 L.Ed. 126; Burton v. United States, 202 U.S. 344, 387-389, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362. He could have been tried wherever his acts resulted. When the preliminary steps are made themselves an independent crime, it is possible logically to distinguish and say that the indictment must be found where those steps occurred, and if so, that each participant is chargeable only where his part is performed. But the practical result would be to subject the two crimes which are essentially the same, to different rules of venue, and that is an absurd intent to ascribe to Congress. We think the same rule applies as though the crime charged were the very preparation and presentation of the return."

It is obvious that the only observations in the above quotation which might be considered applicable to the question here under consideration, are obiter. The holding of the opinion is that the defendants were properly tried in the Southern District of New York, where the returns were filed, and as to the one defendant whose contention was under discussion in the above quotation, the court found that he had rendered assistance in the preparation of the false returns in the Southern District of New York, by mailing letters there, which was a complete answer to his contention that he had committed no crime in the Southern District of New York because he had never been there.

However, the defendant undertakes to deduce from the latter part of the quotation at least a dictum which should be controlling here, to. the effect that the same rule of venue applies to a prosecution under 26 U.S.C.A. Int.Rev.Code, § 145, against filing of false returns, and 26 U.S.C.A. Int.Rev. Code, § 3793(b) (1) against aiding in the preparation of false returns or claims. I cannot agree with this contention. In the

first place, the offense charged in the Kelly case was aiding in the preparation and presentation of false returns, while here the offense charged is only aiding in the preparation. In the offense of making, filing, or presenting, a false return, it clearly follows from the Bowles case and the Reass case that the crime consists of one single act, that is, the delivery to the government official of the fraudulent document. The statute here under consideration, as pointed out above, in its specific terms makes aiding in the preparation of a false claim, if not a complete crime, certainly an essential element of the crime. It seems to me therefore to clearly follow that the rule of the Bowles case and the Reass case does not apply to the situation here presented, but, on the other hand, this situation comes within the ambit of Section 42 of the Judicial Code, if it should be considered that the offense charged was not committed in its entirety in this District.

I might also call attention to the case of United States v. Johnson, 323 U.S. 273, 276, 65 S.Ct. 249, 251, 89 L.Ed. 236, a criminal venue case, in which the Supreme Court said: "Questions of venue in criminal cases, therefore, are not merely matters of formal legal procedure. They raise deep issues of public policy in the light of which legislation must be construed. If the enactment of Congress equally permits the underlying spirit of the constitutional concern for trial in the vicinage to be respected rather than to be disrespected, construction should go in the direction of constitutional policy even though not commanded by it."

The court further expresses the thought that prosecutions remote from the home of the defendant, should be avoided if possible.

While I do not find it necessary to rely on this principle for what I believe to be the correct solution of the problem here presented, to me, it buttresses my conclusion to some extent to observe that no hardship to the defendant can result from my conclusion that he is to be tried for the offense with which he has been charged, not only in his own vicinage, but in the very city in which he resides, and in which the acts for which he is charged were committed. Obviously, he can make a better defense there,

and with less expense and inconvenience than anywhere else. Therefore, an order will be entered overruling defendant's motion to dismiss the indictment.