**UNITED STATES of America**

v.

**Harold B. HAGAN.**

**Crim. No. 27960.**

United States District Court
D. Maryland.

Nov. 19, 1969.

Stephen H. Sachs, U. S. Atty., Donald E. Sharpe and Nevett Steele, Jr., Asst. U. S. Attys., Baltimore, Md., for plaintiff.

Norman P. Ramsey, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Defendant has moved to dismiss the third count of the indictment, which charges a violation of 26 U.S.C.A. § 7206(1), in that defendant, "who was the President of Nagar Drafting Company, Inc., a body corporate of the State of Florida, did willfully and knowingly make and subscribe at Hyattsville, Maryland, a Form 1120, U. S. Corporation Income Tax Return, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the District Director of Internal Revenue at Richmond, Virginia, which said Form 1120, U. S. Corporation Income Tax Return, he did not believe to be true and correct as to every material matter".[1]

Defendant argues that since the corporate return was required to be filed and was filed in the Eastern District of Virginia the alleged crime was not committed within the jurisdiction of this

---

1. The first two counts charged violations of 26 U.S.C.A. § 7201 (tax evasion) by filing with the District Director of Internal Revenue at Baltimore, Maryland, false and fraudulent joint income tax returns for himself and his wife for the years 1961 and 1962, respectively.

Court, and that venue does not lie in this District.

Section 7206(1) of 26 U.S.C.A., entitled "Fraud and false statements", provides:

"Any person who—

"(1) Declaration under penalties of perjury.—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;

" * * *

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution."

The indictment clearly charges that defendant made and subscribed the corporate return at Hyattsville, Maryland, which is within the District of Maryland. It may be true, as defendant argues, that the offense was not complete and could not have been prosecuted if the return had never been filed. See Butzman v. United States, 205 F.2d 343 (6 Cir. 1963), cert. den. 346 U.S. 828, 74 S.Ct. 50, 98 L.Ed. 353 (1963), and United States v. Horwitz, 247 F.Supp. 412 (N.D.Ill.1965), which held that the statute of limitations for the offense charged does not begin to run until the return is filed. But it does not follow that defendant cannot be prosecuted in the District of Maryland for the offense charged in the Third Count of the present indictment. The controlling principle was stated and applied in Newton v. United States, 162 F.2d 795 (4 Cir. 1947), cert. den. 333 U.S. 848, 68 S.Ct. 650, 92 L.Ed. 1130 (1948), where it was charged that the defendant, at Danville, in the Western District of Virginia, "did wilfully aid and assist in, and procure, counsel and advise the preparation under, and in connection with a matter arising under, the Internal Revenue laws, of a false and fraudulent claim * * *".

Affirming and approving the decision and opinion of Judge Barksdale, 68 F. Supp. 952 (W.D.Va.1946), the Fourth Circuit said, 162 F.2d pp. 796–797:

" * * * Newton's contention here is that since the returns were filed at Richmond, as was required by law, in the Eastern District of Virginia, if he has committed any federal crime, this crime was therefore committed in the Eastern District of Virginia, and he could not be tried therefor (as he was tried) in the Western District of Virginia.

"Any expressions in the opinion of Judge Learned Hand in United States v. Kelley, 2 Cir., 105 F.2d 912, 916, relied upon by Newton, which seem to be inconsistent with our view here, are not controlling for the reasons stated in the opinion of Judge Barksdale, 68 F.Supp. at pages 955, 956. And we regard as particularly significant in this connection, the provisions of § 42 of the Judicial Code, 28 U.S.C.A. § 103, which provides that an offense begun in one District and completed in another, may be tried in either District.

"In Dobie on Federal Procedure, § 127, page 511, it is stated:

" 'All federal crimes are statutory, and these crimes are often defined, hidden away amid pompous verbosity, in terms of a single verb. That essential verb usually contains the key to the solution of the question: In what district was the crime committed? Without the exact language of the statute, particularly this verb, paraphrases and loose citations in this field are more than inaccurate; they are positively misleading. When, as is so often the case, the statute enumerates several such verbs, only scrupulous, even meticulous, nicety in exact quotation can prevent these statutes, as well as the decisions under them, from proving a snare and a delusion to the unwary.'

"In the instant case, the key verbs in the statute (set out above) are 'aids,'

'assists in,' 'procures,' 'counsels' or 'advises' the preparation or presentation of a false or fraudulent return, affidavit, claim or document. Certainly all the activities of Newton connoted by these statutory key verbs took place in the Western District of Virginia. In addition to the cases cited in the opinion below, see Burton v. United States, 196 U.S. 283, 25 S.Ct. 243, 49 L.Ed. 482; Id., 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Horner v. United States, 143 U.S. 207, 12 S.Ct. 407, 36 L.Ed. 126; In re Palliser, 136 U.S. 257, 10 S.Ct. 1034, 34 L.Ed. 514; United States v. Andrade, 5 Cir., 16 F.2d 776; Hart v. United States, 9 Cir., 11 F.2d 499."

See also 1 Wright, Federal Practice and Procedure (Criminal), §§ 302, 303.

In the present case the key verbs are "makes" and "subscribes". These acts are charged to have been done in the District of Maryland. Venue lies in this District. Rule 18, F.R.Crim.P.

The motion to dismiss the Third Count is hereby denied.