## STEVENS *v.* FULLER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 1617. Submitted May 5, 1890. — Decided May 19, 1890.

On a body execution issued against a debtor on a judgment in the Circuit Court of the United States for the District of Massachusetts, his arrest was authorized on the ground that he had property not exempt which he did not intend to apply to pay the judgment claim. Notice having been given to the creditor that the debtor desired to take the oath for the relief of poor debtors, his examination was begun before a United States commissioner. Pending this, charges of fraud were filed against him, in having fraudulently disposed of property, with a design to secure the same to his own use and to defraud his creditors. His examination as a poor debtor was suspended, and a hearing was had on the charges of fraud. After the testimony thereon was closed, the commissioner refused to resume the poor debtor examination, and then sustained the charges of fraud and sentenced the debtor to be imprisoned for six months. His examination as a poor debtor was not read to him and corrected, and he did not sign or swear to it, and the commissioner refused to administer to him the oath for the relief of poor debtors. He was then taken into custody under the execution and lodged in jail. On a hearing on a writ of *habeas corpus* the Circuit Court discharged such writ and remanded him to the custody of the marshal. On an appeal to this court; *Held*, that the order must be affirmed.

As the commissioner had jurisdiction of the subject matter and of the person of the debtor, any errors or irregularities in the proceedings could not be reviewed by the Circuit Court on *habeas corpus,* or by this court, on the appeal.

HABEAS CORPUS. The case is stated in the opinion.

*Mr. William E. Jewell* for the petitioner, appellant.

*Mr. Edward W. Hutchins* and *Mr. Henry Wheeler* for the opposing judgment creditor, appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an appeal by William J. Stevens from an order of the Circuit Court of the United States for the District of

Massachusetts, refusing to discharge him from custody on a writ of *habeas corpus.* The following are the material facts: William G. Fuller having recovered a judgment against Stevens, in the Circuit Court of the United States for the District of Massachusetts, for $18,000, an execution was issued thereon to the marshal, which commanded him, if he could find no property belonging to Stevens, to take his body and commit him to jail. Accompanying that execution was an affidavit made by Fuller, that the judgment in question amounted to $20, exclusive of costs, and that $20 remained uncollected, and that he believed, and had good reason to believe, that Stevens had property not exempt from execution, which he did not intend to apply to the payment of the judgment claim, and that he intended to leave the State and District of Massachusetts. Thereupon, a commissioner of the Circuit Court certified that, after due hearing, he was satisfied that there was reasonable cause to believe that the charge made in the affidavit was true, and that, satisfactory cause having been shown, he thereby authorized the arrest of Stevens, if his arrest was authorized by law, to be made after sunset. Stevens was arrested and brought before Henry L. Hallett, a United States commissioner for the District of Massachusetts, who interrogated him, and he declared that he did not desire to take any oath, or to recognize, or to give bail for his appearance at any time, and he failed to recognize or give bail. Thereafter, the commissioner gave notice to Fuller that Stevens desired to take the oath for the relief of poor debtors, at a time specified and appointed, at the office of the commissioner. Stevens then gave a recognizance for his appearance, at such time and place, to be examined. He duly appeared and submitted to be examined, protesting that the commissioner was not authorized by law to order him to be examined touching his property, and stating that he did not waive any informalities in his arrest or in any of the other proceedings. His examination was begun and continued for some time. In the course of it, he offered evidence from the court of insolvency for the county of Suffolk, in the district, that proceedings in insolvency had been begun by him and were then pending. There-

upon, Fuller filed with the commissioner charges of fraud against Stevens, alleging that Stevens, since he had contracted the debt for which the judgment was rendered, had fraudulently conveyed, concealed or otherwise disposed of some part of his estate, with a design to secure the same to his own use and to defraud his creditors, and specifying the particulars of seven different conveyances of land, and a mortgage of land, and three payments of money, by him with such design. The examination of Stevens as a poor debtor was suspended by the commissioner, and a hearing was had before him on such charges of fraud.[1] Stevens put in a plea of want of jurisdic-

---

[1] These proceedings were had pursuant to provisions in Pub. Stats. Mass. c. 162, set forth as follows in appellee's brief.

"SECT. 17. Except as provided in sections five to sixteen inclusive, and except in actions of tort, no person shall be arrested on an execution in a civil action, unless the judgment creditor or some person in his behalf, after execution is issued amounting to twenty dollars exclusive of all costs which make part of said judgment, whether the same have accrued in the last action or in any former action on the same original cause of action, and while so much as that amount remains uncollected, makes affidavit and proves to the satisfaction of some magistrate named in section one, that he believes and has good reason to believe:

"First. That the debtor has property not exempt from being taken on execution, which he does not intend to apply to the payment of the plaintiff's claim; or,

"Second. That since the debt was contracted or the cause of action accrued, the debtor has fradulently conveyed, concealed or otherwise disposed of some part of his estate, with a design to secure the same to his own use or defraud his creditors; or,

"Third. That since the debt was contracted or the cause of action accrued, the debtor has hazarded and paid money or other property to the value of one hundred dollars or more in some kind of gaming prohibited by the laws of this Commonwealth; or,

"Fourth. That since the debt was contracted the debtor has wilfully expended and misused his goods or estate, or some part thereof, for the purpose of enabling himself to swear that he has not any estate to the amount of twenty dollars, except such as is exempt from being taken on execution; or,

"Fifth. If the action was founded on contract, that the debtor contracted the debt with an intention not to pay the same; or,

"Sixth. That the debtor is an attorney at law; that the debt upon which the judgment on which the execution issued was recovered, was

tion as to such charges, on the ground that all the transfers of property but one were made by him in the State of New

---

for money collected by the debtor for the creditor, and that said attorney unreasonably neglects to pay the same.

" And such affidavit and the certificate of the magistrate that he is satisfied there is reasonable cause to believe the charges therein contained, or some one of them, are true, shall be annexed to the execution. If the judgment debtor lives or has his usual place of business in any county in this State, the application for a certificate authorizing his arrest shall be made in that county: otherwise it may be made in any county."

" SECT. 25. If in addition to the first charge specified in section seventeen the judgment creditor, or some one in his behalf, makes affidavit and proves to the satisfaction of the magistrate that there is good reason to believe that the debtor intends to leave the State, the magistrate may, without notice to the debtor, authorize his arrest."

" SECT. 27. When arrested on mesne process the defendant shall be allowed a reasonable time to procure bail, and when arrested on such process, or on an execution, he shall be allowed reasonable time to procure sureties for his recognizance hereinafter mentioned. When arrested on mesne process, if he does not give bail, and when arrested on execution in any case, he shall be taken before some judge of a court of record, or of a police, district or municipal court, or a master in chancery, commissioner of insolvency or, except in the county of Suffolk, a trial justice."

" SECT. 31. If the defendant or debtor, when taken before the magistrate or at any time when entitled thereto, desires to take an oath as hereinafter provided, and to have a time fixed therefor, the magistrate shall appoint a time and place for his examination, and shall issue a notice thereof to the plaintiff or creditor, signed by him and designating his official capacity, substantially in the following form :

" To A—— B——: C—— D——, arrested on mesne process [or execution] in your favor, desires to take the oath for the relief of poor debtors, [or, the oath that he does not intend to leave the State] at [naming the day and hour and place]

" E —— F —— (*Magistrate*).

" Notice may be given that the defendant arrested on mesne process as aforesaid desires to take both of said oaths, and the form of notice may be varied accordingly."

" SECT. 33. When a defendant or debtor has given notice of his desire to take the oath for the relief of poor debtors, no new notice of the same shall be given until the expiration of seven days from the service of the former notice, unless the former notice was insufficient in form or service. But if the oath for the relief of poor debtors has been refused, no application to take the same shall be made by the defendant or debtor until the expiration of seven days from the hour of such refusal." (As amended by the Act of 1888, c. 419, § 8.)

Hampshire, and while he was an inhabitant thereof, and not within the jurisdiction of Massachusetts or of any court or

" SECT. 36. Pending the examination and at any time after the defendant or debtor is carried before a magistrate, the magistrate may accept his recognizance with surety or sureties in a sum not less than double the amount of the execution, or of the *ad damnum* in the writ if he is arrested on mesne process, that he will appear at the time fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon. No recognizance under this chapter, except in case of appeal under section fifty, shall be accepted at any time after the oath has been once refused to the debtor."

" SECT. 38. If the defendant or debtor has given notice that he desires to take the oath for the relief of poor debtors the magistrate shall examine him on oath concerning his estate and effects, the disposal thereof, and his ability to pay the debt or satisfy the cause of action for which he is arrested and shall hear any legal and pertinent evidence that may be introduced by either party. The plaintiff or creditor may upon such examination propose to the defendant or debtor any interrogatories pertinent to the inquiry, and the examination shall, if required by either party, be in writing, in which case it shall be signed and sworn to by the defendant or debtor and preserved by the magistrate.

" SECT. 39. The magistrate, if satisfied upon the examination of the truth of the facts set forth in the oath to be taken by the defendant or debtor, and in the certificate provided for in the following section, and if it appears to him that the defendant or debtor is entitled to his discharge under the provisions of this chapter, shall administer to him the following

" *Oath for the Relief of Poor Debtors.*

" I [here repeat the name] do solemnly swear that I have not any estate real or personal, to the amount of twenty dollars, except the estate, goods and chattels which are by law exempt from being taken on execution, but not excepting intoxicating liquors; and that I have not any other estate now conveyed, concealed or in any way disposed of, with the design to secure the same to my own use or to defraud my creditors: So help me God."

" SECT. 40. After administering the oath the magistrate shall make a certificate thereof under his hand, as follows, to wit:

S——, ss. I hereby certify that A—— B——, a poor prisoner arrested upon execution, (or on mesne process,) has caused E—— F——, the creditor (or plaintiff) at whose suit he is arrested to be notified according to law of his desire to take the benefit of the law for the relief of poor debtors; that in my opinion said A—— B—— has not any estate, real or personal, to the amount of twenty dollars, except the estate, goods and

magistrate therein ; and that, at the time of the filing of such charges, he had been adjudged an insolvent debtor under the

---

chattels which are by law exempt from being taken on execution, but not excepting intoxicating liquors; and has not any other estate now conveyed, concealed or in any way disposed of, with design to secure the same to his own use or defraud his creditors. And I have after due examination of said A—— B——, administered to him the oath for the relief of poor debtors.

" Witness my hand, this —— day of —— in the year ——.

" A—— B—— (*Magistrate*).

" Upon taking the oath, the defendant or debtor shall be discharged from arrest or imprisonment, and shall be forever exempt from arrest on the same execution, or on any process founded on the judgment, or on the same cause of action, unless convicted of having wilfully sworn falsely on his examination. If he is arrested or committed on execution, the judgment shall remain in full force against his estate, and the creditor may take out a new execution against his goods and estate as if he had not been committed; and if he is committed on mesne process, any execution which may afterwards issue on a judgment for the same cause of action shall issue against his goods and estate, and not against his body. The death of the execution creditor shall not affect any proceedings instituted under the provisions of this chapter."

" SECT. 44. If the debtor arrested on execution and taken before the magistrate does not desire to take an oath, or fails to procure surety or sureties to the satisfaction of the magistrate as before provided, or if upon his examination the oath or oaths are refused to him, of which refusal a certificate shall be annexed to the execution and signed by the magistrate, he shall be conveyed to jail, and there kept until he has recognized as herein provided, (if the oath for the relief of poor debtors has not been refused him,) or until the execution is satisfied, or he is released by the creditor, or has given notice as before provided and taken the oath for the relief of poor debtors, or the oath that he does not intend to leave the State, in cases where such oath is permitted."

" SECT. 49. When either of the charges named in section seventeen, numbered second, third, fourth, fifth and sixth, is made as therein provided, or when the plaintiff or creditor or any one in his behalf, at any time pending the examination of a defendant or debtor who has given notice of his desire to take the oath for the relief of poor debtors, files such charges in writing, subscribed and sworn to by the plaintiff or creditor or by some person in his behalf, the charges shall be considered in the nature of a suit at law, to which the defendant or debtor may plead that he is guilty or not guilty, and the magistrate may thereupon hear and determine the same. If a person arrested on execution, after such arrest, misspends or misuses to the amount of forty dollars, or to an amount equal to the sum for which he

laws of Massachusetts, by the judge of the court of insolvency for Suffolk County, and all of his right, title and interest in the property mentioned in the charges of fraud had become vested in said court of insolvency. At the same time, he filed with the commissioner a motion to quash the charges, on the ground that it appeared therefrom that the property alleged was conveyed by him while he was a resident in and a citizen of New Hampshire, and was conveyed by him in New Hampshire, and not within the jurisdiction of the courts of Massa-

---

is arrested or committed, his goods, effects or credits not exempt from being taken on execution but which cannot be attached by ordinary process of law, without first having offered such goods, effects or credits to the arresting creditor in satisfaction or part satisfaction of his debt, the charge of such misspending or misuse may be filed in the manner herein provided for filing charges of fraud. The plaintiff or creditor shall not upon the hearing give evidence of a charge of fraud not made or filed as herein provided, nor of a fraudulent act of the debtor committed more than three years before the commencement of the original action.

".SECT. 50. When the hearing is had on the charges of fraud mentioned in the preceding section, and judgment is rendered thereon by the magistrate, either party may appeal to the superior court, in like manner as from the judgment of a trial justice in civil actions. The trial in the court appealed to shall be by a jury, unless the court with the consent of both parties hears and determines it without a jury.

" SECT. 51. If the plaintiff or creditor appeals, he shall before the allowance of the appeal recognize with sufficient surety or sureties to enter and prosecute his appeal with effect, to produce at the court appealed to a copy of all the proceedings upon said charges, and to pay all costs if judgment is not reversed. If the defendant or debtor appeals, he shall recognize in like manner and with the further condition that if final judgment is against him he will within thirty days thereafter surrender himself to be taken on execution and abide the order of the court, or pay to the plaintiff or creditor the whole amount of the original judgment against him.

" SECT. 52. If the defendant or debtor, after either of said charges has been made or filed against him, voluntarily makes default at a time appointed for the hearing, or if upon a final trial he is found guilty of any of them, he shall have no benefit from the proceedings under this chapter, and may be sentenced by the magistrate or court before whom the trial is had to confinement at hard labor in the house of correction for a term not exceeding one year, or to confinement in jail not exceeding six months. But the defendant or debtor, after the expiration of any sentence, may renew his application for the oath for the relief of poor debtors; as though he had not been found guilty and sentenced."

chusetts, or of the commissioner, or of the Circuit Court of the United States for the District of Massachusetts, and that he could not be tried by such commissioner, or sentenced by him thereon, if found guilty; and also because all of the charges were vague, and did not, with sufficient certainty set forth any fraudulent transfer of any property belonging to him. Afterwards, an assignment in insolvency of the estate, real and personal, of Stevens, was made by the judge of the court of insolvency, to duly appointed assignees. After the close of the testimony before the commissioner on the charges of fraud, and before his decision thereon was rendered, Stevens requested that his examination as a poor debtor be again taken up, and he be allowed to offer evidence of his releases and conveyance to his assignees in insolvency, at their request, of all his title to the estates so charged to have been fraudulently conveyed by him; and requested also that he be allowed to complete his own examination as a poor debtor; which requests were refused by the commissioner.

On the 25th of January, 1890, the commissioner gave his decision on the charges of fraud, sustaining them and finding Stevens guilty thereof, and sentencing him to be imprisoned for six months in the jail at Boston. Stevens appealed from that decision to the Circuit Court of the United States for the District of Massachusetts, and gave a recognizance with sureties. Thereafter, but on the same day, and before any other or further order or act of the commissioner, and before any finding made on the charge in the affidavit which accompanied the execution as to property, Stevens again requested that his examination as a poor debtor, so suspended, be taken up, and he be permitted to offer evidence of the releases and conveyance above mentioned, and also to complete his own examination as a poor debtor. Both of such requests were refused by the commissioner, and the examination of Stevens as a poor debtor was not completed. No other witness than Stevens was offered during his examination as a poor debtor, and no other evidence except such assignment in insolvency was offered thereon, except that partly given by him. His examination was not read to him and corrected, and he did

not sign or swear to it. On the same day the commissioner made a certificate that it appeared that Stevens "has property and estate to the amount of twenty dollars, besides the estate, goods and chattels which are by law exempt from being taken on execution;" and that, after due examination of him, the commissioner refused to administer to him the oath for the relief of poor debtors. Thereupon Stevens was taken into custody by the marshal of the district, under the execution, and lodged in the Suffolk County jail, where he was detained.

On the foregoing facts, Stevens, on the 28th of January, 1890, obtained from the Circuit Court of the United States for the District of Massachusetts a writ of *habeas corpus*, returnable in that court. At the hearing thereon evidence was introduced by both parties as to what took place at the hearing before the commissioner on the 25th of January, 1890, and the commissioner himself was examined as a witness. The Circuit Court ordered that the writ of *habeas corpus* be discharged and that Stevens be remanded to the custody of the marshal. To review that order Stevens has taken an appeal to this court.

The Circuit Court stated its decision and the grounds thereof in these words: "The court decided that, although no formal request appeared to have been made by either party before the commissioner that the examination of the debtor should be in writing, yet, as it was in fact taken in writing, and this mode of proceeding was adopted with the assent of both parties, this was equivalent to a previous formal request that it should be so taken; that, as the examination was not signed and sworn to by the debtor, as required by the statute, and no opportunity was given him to sign and swear to it, and he never refused to do so, the examination was imperfect and incomplete, and had not reached a stage to justify the commissioner in assuming to pass upon the question whether the debtor was entitled to be admitted to take the oath for the relief of poor debtors; that the commissioner's certificate annexed to the execution was, therefore, premature and irregular; that this irregularity did not, however, have the effect to

render all the proceedings before him absolutely void, so as to authorize the court to direct the discharge of the debtor from custody upon this writ, and thus deprive the creditor of his right to hold the body of the debtor for his debt; but that the debtor's remedy was rather by application to the court to set aside the certificate as irregular, and to direct that he might go at large under his old recognizance, or upon a new recognizance, and that the examination might proceed before the commissioner, and when completed, a new adjudication be made by him."

We are of opinion that the order of the Circuit Court must be affirmed. The matters alleged before that court against the action of the commissioner did not go to the question of his jurisdiction, so as to make such action reviewable on *habeas corpus* by the Circuit Court. He had jurisdiction of the subject matter and of the person of Stevens, under the proceedings instituted in conformity with the statutes of Massachusetts. The objections taken on the part of Stevens, at the hearing before the commissioner, and also urged here, to the proceedings before the commissioner, all of them went only to alleged errors and irregularities in those proceedings, which could not be reviewed by the Circuit Court on a writ of *habeas corpus*, and cannot be taken cognizance of by this court on this appeal.

It was proper for the Circuit Court to admit in evidence the poor debtor examination before the commissioner, and the evidence offered before him on the charges of fraud.

It is conceded in the brief of the counsel for Stevens that the proper affidavit was made and the proper certificate of the commissioner was annexed to the execution authorizing the arrest. The points urged before the Circuit Court and urged here, that Stevens was entitled to have his examination as a poor debtor read over to him, and to have it corrected, and to sign and swear to it, and the other points raised by him as to the proceedings before the commissioner, are mere questions of irregularity, not reviewable by the Circuit Court on *habeas corpus*, or by this court on this appeal.

This rule is well established in cases of original writs of

*habeas corpus* issued by this court. *Ex parte Parks*, 93 U. S. 18 ; *Ex parte Reed*, 100 U. S. 13, 23 ; *Ex parte Siebold*, 100 U. S. 371, 375 ; *Ex parte Carll*, 106 U. S. 521 ; *Ex parte Wilson*, 114 U. S. 417, 421.

The same doctrine applies to the Circuit Court in the present case in its review on *habeas corpus* of the proceedings before the commissioner ; and it has been applied by this court on appeals to it from inferior courts in *habeas corpus* proceedings. *Benson* v. *McMahon*, 127 U. S. 457, 461, 462 ; *In re Coy*, 127 U. S. 731, 758, 759 ; *Hans Nielsen, Petitioner*, 131 U. S. 176, 182, 184 ; *Savin, Petitioner*, 131 U. S. 267, 279 ; *Cuddy, Petitioner*, 131 U. S. 280, 285. The case of *Savin, Petitioner, supra*, was an appeal from an order of a Circuit Court of the United States dismissing a petition for a writ of *habeas corpus*, where the party had been imprisoned for contempt of court by a District Court of the United States. This court said, speaking by Mr. Justice Harlan, " Our conclusion is that the District Court had jurisdiction of the subject matter and of the person, and that irregularities, if any, occurring in the mere conduct of the case, do not affect the validity of its final order. Its judgment, so far as it involved mere errors, cannot be reviewed in this collateral proceeding, and must be affirmed."

These views are conclusive to show that

*The order of the Circuit Court must be affirmed, and it is so ordered.*