## BONAVENTURA v. UNITED STATES.
### No. 6467.

Circuit Court of Appeals, Ninth Circuit.

Feb. 8, 1932.

Russell P. Tyler, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and I. M. Peckham and Sol A. Abrams, Asst. U. S. Attys., all of San Francisco, Cal.

WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

· SAWTELLE, Circuit Judge.

This is an appeal from an order and judgment of the United States District Court for the Northern District of California, Southern Division, denying appellant's petition for a writ of habeas corpus, and ordering that appellant be removed to the Eastern Division of the Southern District of Ohio to stand trial on an indictment alleging violation of the Harrison Narcotic Act (26 USCA §§ 211, 691–707).

Appellant, Dr. Filiberto A. Bonaventura, is a duly licensed physician and surgeon who has been practicing for some time in Santa Rosa, Cal. Prior to his coming to California he resided and practiced medicine in Steubenville, Ohio. In February, 1931, appellant was arrested by the United States Marshal for this district upon telegraphic request from the United States authorities in Columbus, Ohio. At the hearing before the Commissioner the government introduced in evidence a certified copy of the indictment found against one Dr. Filiberto A. Bonaventura by a United States grand jury in Ohio; also the oral testimony of the arresting officer tending to identify the appellant as this person named in the indictment. Appellant offered no evidence at all in rebuttal.

Appellant was held over for removal, and petitioned the District Court for a writ of habeas corpus and for a certiorari to bring up the record. By stipulation the record is certified and made a part of the record here. The District Court denied the writ and ordered appellant's removal. From the denial of the writ comes this appeal.

■ Appellant contends that the evidence before the Commissioner was insufficient to establish the identity of the appellant as the person named in the indictment. A sufficient answer to this contention is that the Commissioner found that appellant's identity had been established. His findings on that question of fact are not open to review in this proceeding. The Supreme Court in the case of Horner v. United States, 143 U. S. 207, 215, 12 S. Ct. 407, 410, 36 L. Ed. 126, has said in no uncertain terms: "The question of the identity of Horner was a question of fact, which the United States commissioner had full jurisdiction to decide, for the purpose of removal; and his decision will not be reviewed on habeas corpus. In re Cortes, 136 U. S. 330, 10 S. Ct. 1031 [34 L. Ed. 464]; Stevens v. Fuller, 136 U. S. 468, 10 S. Ct. 911 [34 L. Ed. 461]." See, also, Albury v. Dyson (C. C. A. 5) 285 F. 738; Kaplan v. United States (C. C. A. 2) 18 F. (2d) 939.

■ Appellant's second contention is that there was no proof of probable cause. The production before the Commissioner of a duly certified copy of the indictment found in the district to which removal is sought, together with the required proof of the identity of the accused, made a prima facie case against the accused for removal. Haas v. Henkel, 216 U. S. 462, 481, 30 S. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; Price v. Henkel, 216 U. S. 488, 30 S. Ct. 257, 54 L. Ed. 581.

In a recent case, Grigg v. Bolton, 53 F. (2d) 158, 160, this court said: "Where removal is sought of a person charged with a crime in another judicial district of the United States, the production of the indictment found by a grand jury in the latter district, together with proof of the identity of the defendant, is sufficient upon which to base the order of removal; that is, the indictment is prima facie evidence of the existence of probable cause for the making of the charge. If the defendant offers to rebut this evidence, the burden then rests with him; and unless positive evidence is produced, which satisfies the Commissioner that the presumption of probable cause established by the indictment is overcome, removal will be ordered. United States ex rel. Tassell et al. v. Mathues, 11 F.(2d) 53 (C. C. A. 3); United States ex rel. Povlin v. Hecht, 48 F.(2d) 90 (C. C. A. 2)." See, also, Greene v. Henkel, 183 U. S. 249, 22 S. Ct. 218, 46 L. Ed. 177; Benson v. Henkel, 198 U. S. 1, 25 S. Ct. 569, 49 L. Ed. 919; Hyde v. Shine, 199 U. S. 62, 25 S. Ct. 760, 50 L. Ed. 90; Tinsley v. Treat, 205 U. S. 20, 27 S. Ct. 430, 51 L. Ed. 689; Gayon v. McCarthy, 252 U. S. 171, 173, 40 S. Ct. 244, 64 L. Ed. 513; Morse v. United States, 267 U. S. 80, 83, 45 S. Ct. 209, 69 L. Ed. 522. In all of these cases the Supreme Court has held that an indictment constituted prima facie evidence of probable cause, but not that it was conclusive. See also, United States v. Hecht, 11 F.(2d) 128 (C. C. A. 2); Meehan v. United States, 11 F.(2d) 847 (C. C. A. 6).

In the case of Beavers v. Henkel, 194 U. S. 73, 24 S. Ct. 605, 48 L. Ed. 882, the Supreme Court again said:

"Within the spirit of the rule of giving full effect to the records and judicial proceedings of other courts, an indictment,

found by the proper grand jury should be accepted everywhere through the United States as at least prima facie evidence of the existence of probable cause." Page 85 of 194 U. S., 24 S. Ct. 605, 607.

" * * * The defendant has there [in removal proceedings] no right to an investigation of the proceedings before the grand jury, or an inquiry concerning what testimony was presented to, or what witnesses were heard by, that body. In other words, he may not impeach an indictment by evidence tending to show that the grand jury did not have testimony before it sufficient to justify its action." Page 87 of 194 U. S., 24 S. Ct. 605, 608.

"But the sufficiency of an indictment as evidence of probable cause in removal proceedings cannot be impeached (if impeachable at all) in any such manner [i. e., by showing what happened before the grand jury]." Page 88 of 194 U. S., 24 S. Ct. 605, 608.

Appellant asserts that: "The only evidence contained in the record that could be considered on the question as to whether or no probable cause was established is the testimony of Mr. Fendley and a certified copy of the indictment. Inasmuch as Mr. Fendley admittedly knows nothing at all concerning the guilt or innocence of the defendant named in the indictment his testimony is of no probative value in determining the issue of probable cause."

If this be a correct statement of the record, then there was no evidence before the Commissioner tending in any way to overcome the prima facie case made by the government.

Our holding here is not in conflict with our former holding in the case of Johnson v. Hotchkiss, 35 F.(2d) 914, 916. There, the appellant successfully overcame the prima facie case against him by the introduction of uncontradicted testimony tending to show that he was not guilty of the offense charged, and this testimony was corroborated by that of other witnesses; here, there was no evidence offered on behalf of the appellant. In the former case the court said: "This testimony, we think, was sufficient to overcome any presumption arising from the indictment, and it was then incumbent on the government to offer some additional proof tending to show probable cause. In this respect the government utterly failed. If it had no testimony against the appellant except such as was offered here, the appellant should never have been indicted, and should not now

be removed to another district for trial. If the government had other testimony and failed to produce it, the fault is its own."

Our language there was not meant to imply that it is incumbent on the government, in all removal proceedings, to introduce testimony tending to show probable cause in addition to the indictment itself. It must be limited to the facts of the particular case and be understood to mean that only when an accused person introduces testimony sufficient to overcome the presumption of probable cause made by the production of a valid indictment must the government introduce such further testimony.

The judgment of the District Court is affirmed.