**UNITED STATES of America,**
**Appellee,**

v.

**Edwin Irving SCHWARTZ, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**David Marsh ONDERDONK, Appellant.**

**Nos. 10678, 10680.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 8, 1966.

Decided Jan. 24, 1967.

Christian C. Westerman (T. Brooke Howard, Alexandria, Va., on brief) for appellants.

Wm. Medford, U. S. Atty. (Joseph R. Cruciani, Asst. U. S. Atty., on brief) for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

Admission of confessions made by Edwin Irving Schwartz and David Marsh Onderdonk at their joint trial in April 1966, for interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312, is the error they now assign on appeal from the ensuing convictions. Involuntariness, Schwartz says, inheres in his statement because it was procured at a time when he was unduly detained in violation of Rule 40(b) F.R.Crim.P., that is after his arrest in a distant district when he was not "taken without unnecessary delay before the nearest available commissioner or a nearby judge of the United States".[1]

1. "40(b) Arrest in Distant District.

"(1) Appearance before Commissioner or Judge. If a person is arrested upon a warrant issued in another state at a place 100 miles or more from the place of arrest, or without a warrant for an offense committed in another state at a place 100 miles or more from the place of arrest, he shall be taken without unnecessary delay before the nearest available commissioner or a nearby judge of the United States in the district in which the arrest was made.

"(2) Statement by Commissioner or Judge. The commissioner or judge shall inform the defendant of the charge against him, of his right to retain counsel and of his right to have a hearing or to waive a hearing by signing a waiver before the commissioner or

judge. The commissioner or judge shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him, shall allow him reasonable opportunity to consult counsel and shall admit him to bail as provided in these rules.

"(3) Hearing; Warrant of Removal or Discharge. The defendant shall not be called upon to plead. * * * If the prosecution is by indictment, a warrant of removal shall issue upon the production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment. If the prosecution is by information or complaint, a warrant of removal shall issue upon the production of a certified copy of the information

Together, Onderdonk and Schwartz assert their confessions were induced by the Federal Bureau of Investigation Special Agent's alleged promise, conditioned upon their cooperation, of reduced bail. These circumstances, they contend, render their statements involuntary and therefore inadmissible.

The automobile transportation commenced at Charlotte, North Carolina on June 6, 1965, traversed several other States and ended where it began. Upon a complaint filed by the FBI, a United States Commissioner in North Carolina issued a warrant on July 29, 1965 for the arrest of Schwartz and Onderdonk. On Saturday, July 31, 1965 at approximately 12:30 p. m. Schwartz was apprehended by the Border Patrol at International Falls, Minnesota shortly after he entered the United States from Canada. Onderdonk, at about 3:25 p. m., was taken into custody by the State police in Minnesota just north of Duluth. Both arrests were executed on word from North Carolina of the outstanding warrant, but before it was actually received in Minnesota. The men were lodged in State jails and the FBI office in Minneapolis immediately notified.

As the Special Agent of the FBI assigned to the case was then in Duluth, about 170 miles away from Schwartz's place of confinement, he did not get to International Falls until about 11:30 a. m. the next day, Sunday, August 1, 1965. Upon arrival he called the United States Commissioner there who suggested that Schwartz be transferred to Duluth, and brought before the commissioner in that city upon receipt of the complaint and warrant. In consequence Schwartz was not taken before a commissioner until Monday evening, August 2nd in Duluth.[2]

Meanwhile, on Sunday afternoon the agent interviewed Schwartz in the sheriff's office in International Falls for four or five hours. As Schwartz related the facts, the agent noted them in two written statements, both signed by Schwartz. In one he disavowed and was eliminated from complicity in a bank robbery in Charlotte of which he had also been suspected. In the other, now before us, Schwartz unequivocally implicated himself in the automobile offense.

Onderdonk, after his arrest on Saturday, July 31, 1965 refused to make a statement. He was arraigned before the commissioner in Duluth the same day. On August 3rd he made a statement to the agent, substantially in accordance with Schwartz's confession. Both of the defendants were afterwards removed to North Carolina.

At their trial the confessions were proffered in evidence, assayed by the trial judge on voir dire with the jury withdrawn, found voluntary and then submitted to the jury, all in precise conformity with the procedure we outlined in United States v. Inman, 352 F.2d 954 (4 Cir. 1965). Apart from the confessions and without reliance upon proof derived through them, there was ample evidence to convict. Moreover, despite the assertion of Schwartz that both statements were given on the promise of a decrease in Schwartz's bail—so he could take his family back to their home in Georgia—the testimony conclusively establishes that no inducements of any kind

---

or complaint and upon proof that there is probable cause to believe that the defendant is guilty of the offense charged.
\* \* \*
"(4) Hearing and Removal on Arrest without a Warrant. If a person is arrested without a warrant, the *hearing may be continued for a reasonable time,* upon a showing of probable cause to believe that he is guilty of the offense charged \* \* \*." (Accent added.)
Since July 1, 1966 Rule 40(b) (2)'s direction includes a warning to the defend-

ant "of his right to request the assignment of counsel if he is unable to obtain counsel".

2. There are no papers evidencing the Duluth arraignment in the record. The FBI agent was certain Schwartz was arraigned the day after he questioned him, Schwartz having been picked up by the Marshals in International Falls that morning for transport to Duluth. Schwartz's testimony is that this agent was not present at the arraignment and that it occurred Monday "evening".

were employed to obtain the confessions. Furthermore, appropriate admonitions of his right to counsel, his privilege of silence and the rightful use of any statement against him, were given and explained to each of the defendants.

■ The sole issue is simply whether Rule 40(b) was violated in the interrogation of Schwartz. As Onderdonk did not confess until after his appearance before a commissioner, no problem arises as to him, for we have no doubt that after arraignment, and without overbearance and with proper warnings and advice, as admitted here, he was subject to interrogation. Hence Onderdonk was not aggrieved by the manner of his arrest, questioning or removal to North Carolina. His conviction is affirmed.

■ Save when an indictment has already been returned, the removal provisions of Rule 40(b) describe a procedure almost identical with that prescribed by Rule 5 [3] upon arrest within the venue of the crime. Hence, authority applying Rule 5(a) is quite pertinent in applying Rule 40(b). To exact compliance, the courts strike down any confession made during Federal detention at an extrajudicial inquisition conducted after the deadline fixed by the Rules. Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957). The deadline is the time of the commencement of "unnecessary delay".

■■ Just when delay becomes "unnecessary" depends upon the peculiar facts of each case. See, e. g., Williams v. United States, 273 F.2d 781 (9 Cir. 1959), cert. den. 362 U.S. 951, 80 S.Ct. 862, 4 L.Ed.2d 868; cf. Ralph v. Pepersack, 335 F.2d 128 (4 Cir. 1964), cert. den. 380 U.S. 925, 85 S.Ct. 907, 13 L.Ed. 2d 811. In the circumstances, we think

Schwartz was not carried before the commissioner until after the lapse of unnecessary delay. That the fault was not the officer's but the commissioner's is of no decisive weight. The insistence of Rule 40(b) is for the protection of the accused. A deprivation of this privilege is an infringement of his rights, n'importe the infringer.

■ No acceptable reason is offered to excuse the deferment of the arraignment or to show it necessary. The absence of the complaint and warrant did not justify the delay. The Rule clearly and separately contemplates, first, the immediate production of the prisoner and, secondly, when necessary, a subsequent hearing to identify him as the person named in the warrant and to receive proof of probable cause to believe him guilty. If needed, a continuance is specifically allowed for the hearing. Rule 40(b) (4); cf. Rule 5(c).

■■ Undelayed production is commanded for several reasons, all equally dear to the arrested person. It is his first opportunity for release on bail, which may be made returnable to a continued hearing before the commissioner or to the court seeking his removal. It affords him an opportunity to ask for counsel. It secures for him impartial and unassailable advice upon his Constitutional privileges. The only one of these requisites now at issue is the last—the commissioner's advice—and, manifestly, the omission of that advantage bears directly upon the validity of Schwartz's declarations. Where production was unnecessarily delayed, we do not think the warnings of the FBI agent, however comprehensive and sincere, satisfied the Rule's requirement that the defendant be promptly arraigned. The Rules demand

3. "Rule 5. Proceedings before the Commissioner.

"(a) Appearance before the Commissioner. An officer making an arrest under a warrant issued upon a complaint or *any person making an arrest without a warrant shall take the arrested person without unnecessary delay* before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. * * *

\* \* \* \* \*

"(c) * * * If the defendant does not waive examination, the commissioner shall hear the evidence *within a reasonable time. * * *"* (Accent added.)

that a judge or commissioner, and no one else, be the admonitor. Mallory v. United States, supra, 354 U.S. 449, 77 S.Ct. 1356; cf. McNabb v. United States, 318 U.S. 332, 343, 344, 63 S.Ct. 608, 87 L.Ed. 819 (1943).

The indispensable procedure is spelled out most explicitly by Justice Frankfurter in Mallory v. United States, supra, 354 U.S. 449, 454, 77 S.Ct. 1356, 1359, thus:

> "The scheme for initiating a federal prosecution is plainly defined. The police may not arrest upon mere suspicion but only on 'probable cause.' The next step in the proceeding is to arraign the arrested person before a judicial officer *as quickly as possible* so that he may be advised of his rights and so that the issue of probable cause may be promptly determined. The arrested person may, of course, be 'booked' by the police. But he is not to be taken to police headquarters in order to carry out a process of inquiry that lends itself, even if not so designed, to eliciting damaging statements to support the arrest and ultimately his guilt.

> "The duty enjoined upon arresting officers to arraign 'without unnecessary delay' indicates that the command does not call for mechanical or automatic obedience. Circumstances may justify a brief delay between arrest and arraignment, as for instance, where the story volunteered by the accused is susceptible of quick verification through third parties. But the delay must not be of a nature to give opportunity for the extraction of a confession."

█ To be remembered throughout, this case was a Federal prosecution and we are assessing the procedure—from arrest to conviction—upon the prescriptions of the Federal Rules of Criminal Procedure. These are not Constitutional requirements but are procedural merestones established, first by statute and then by the Rules, and effectuated by the Supreme Court in its supervision of criminal proceedings in the Federal courts. McNabb v. United States, supra, 318 U.S. 332, 340, 63 S.Ct. 608; Mallory v. United States, supra, 354 U.S. 449, 77 S.Ct. 1356. Thus we are dealing exclusively with a procedural question. Simply, it is whether the uncompromising chart by the Rules of the course to be pursued after the lawful arrest of one accused of a Federal offense was followed in this instance. While it "does not call for mechanical or automatic obedience", it does not tolerate delay of arraignment that affords an opportunity for the procurement of an admission of guilt. That was the deviation which has required us to discredit the Schwartz confession.

Hence, our decision does not involve any Constitutional issues. Specifically, it does not involve Constitutional aspects of a detainment and examination of a suspect during efforts to solve a crime, State or Federal, and before his arrest or accusation; or the interrogation by State officers after arrest and accusation for a State crime; or Federal interrogation after Federal arrest, but before arraignment, if the delay in arraignment is not undue. Those matters are not in this case.

█ We decide only that after arrest for a Federal crime there must be an immediate arraignment unless for good cause shown delay is necessary, and any statement procured, as here, during a period of unnecessary delay is not admissible as evidence against the declarant. Mallory v. United States, supra, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479.

█ For these reasons acceptance of Schwartz's confession was error, and his conviction must be reversed and a new trial granted him.

No. 10,678—*the Schwartz appeal—reversed and remanded.* No. 10,680—*the Onderdonk appeal—affirmed.*