UNITED STATES of America,
Plaintiff,

v.

Ruth JOHNSON, Betty Grizzell Jones and
Helen Gertrude Trombley, also known
as Helen Nicholson, Defendants.

No. 253.

United States District Court
D. Nevada.

Dec. 30, 1968.

Joseph L. Ward, U. S. Atty., Las Vegas, Nev., for plaintiff.

Leonard Gang, Las Vegas, Nev., for defendant Ruth Ann Johnson.

Harry E. Claiborne, Las Vegas, Nev., for defendant Helen Gertrude Trombley.

George Foley, Las Vegas, Nev., for defendant Betty Grizzell Jones.

ORDER ON PETITION
FOR REMOVAL

THOMPSON, District Judge.

The United States Commissioner at Las Vegas, Nevada, held a hearing under Rule 40, Federal Rules of Criminal Procedure, on a petition for the removal of Ruth Johnson, Betty Grizzell Jones and Helen Gertrude Trombley to the Northern District of Illinois, Eastern Division, to answer an indictment alleging a violation of 18 U.S.C. § 371. The Report of the United States Commissioner to the Court states:

"2. That the Commissioner is uncertain as to whether the defendants named in said indictment are the same and

identical persons who are the defendants in this matter."

The transcript of the proceedings was submitted to this Court without any recommendation from the Commissioner with respect to whether a warrant of removal should issue.

At the hearing, a certified copy of the indictment was received in evidence. FBI Agent Ray Shryock testified that he had been active in the investigation of the case for twenty-three months and had presented the case to the Grand Jury which returned the indictment. He identified Johnson, Jones and Trombley as the persons indicted. On cross-examination, it was developed that Shryock had met Ruth Johnson once in January, 1967 in the Chicago Police Department, and a good part of the cross-examination was directed toward casting doubt upon the witness' ability to make an identification from one meeting. Shryock testified that in September or October, 1967, he interviewed defendant Betty Grizzell Jones for approximately forty minutes in the United States Attorney's Office in Chicago, Illinois.

Shryock had never met defendant Helen Trombley. However, he produced a photograph he had used during his investigation of the case and testified that the woman pictured had been identified by prospective witnesses as Helen Nicholson, an alias of defendant Helen Gertrude Trombley.

Shryock was the only witness who testified before the Grand Jury in Illinois at the time the indictment was returned.

Rule 40, Federal Rules of Criminal Procedure, provides, in part:

"If it appears from the commissioner's report or from the evidence adduced before the judge that sufficient ground has been shown for ordering the removal of the defendant, the judge shall issue a warrant of removal to the district where the prosecution is pending. Otherwise he shall discharge the defendant. If the prosecution is by indictment, a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment."

Unquestionably a warrant of removal should issue if a certified copy of an indictment is produced and there is adequate proof "that the defendant is the person named in the indictment." United States v. Binion, D.C.1952, 13 F. R.D. 238; Bonaventura v. United States, 9th Cir. 1932, 55 F.2d 833. We think the showing here was prima facie sufficient. A much different situation would be presented had there been a bona fide contest of the identification, but here the defendants content themselves with saying that the proof is too weak. It is to be noted that Rule 40 does not require proof that a defendant contesting removal did one or more of the acts constituting the offense charged in the indictment, although this would be one way of satisfying the identification requirement of the rule. The issue is whether the defendant before the Court on removal hearing is the person named in the indictment. Agent Shryock investigated the case and presented it to the Grand Jury which returned the indictment. He knew and competently identified defendants Johnson and Jones. The attack on these identifications goes only to the weight of the evidence, not its competency.

The more interesting question relates to the identification of defendant Trombley (Nicholson). Agent Shryock had never met her. He produced a photograph of Trombley and testified that at least one witness he had interviewed during the investigation had identified the person photographed as Helen Nicholson. He identified the person photographed as the defendant named in the indictment, at least inferentially: that is to say, Shryock stated that defendant Trombley in court was the person named

in the indictment and produced the photograph to support his identification. The objection of hearsay is raised, a much misunderstood and abused objection to the competency of evidence. It is obvious that on a trial of the merits of the charge, the offered testimony of an agent that someone outside court had identified a photograph as depicting the person who had done a certain act or had been at a certain place would be inadmissible hearsay. But this is not the issue on a petition for removal. The issue is whether the defendant in custody is the defendant named in the indictment. When an agent produces a photograph of the defendant in custody and testifies that a witness interviewed during the investigation identified the photograph as the picture of a person involved in the alleged criminal activity, the subject matter of the indictment, he is not testifying to hearsay, he is testifying to a fact. The fact is that the witness identified the person pictured. The issue is whether the person pictured is the person indicted. The fact is relevant in proof of this issue, and its probative competency does not depend upon the truth, falsity or weight of the identification by the absent witness.

Accordingly, we hold that at a hearing for the removal of a defendant to another district for trial, the testimony by the investigating agent who participated in presentation of the case to the Grand Jury that the photograph of the defendant in custody, produced by the agent, had been identified to him by one or more witnesses during the investigation as a photograph of the person involved in the indictment charges is competent and adequate proof that "the defendant is the person named in the indictment" under Rule 40, Federal Rules of Criminal Procedure.

A warrant shall issue for the removal of each of the defendants to the Northern District of Illinois, Eastern Division.