Willie CAPLER, Plaintiff-Appellant,

v.

CITY OF GREENVILLE, MISSISSIPPI;
W. C. Burnley, Jr., Chief of Police, City
of Greenville, Mississippi; and J. R.
Cloy, Sheriff of Washington County,
Mississippi, Defendants-Appellees.

No. 27803.

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1970.

James L. Robertson, Greenville, Miss.,
for plaintiff-appellant.

Guy Kenner Ellis, Jr., Greenville, Miss., for defendants-appellees.

Before JONES, BELL and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge.

This is an appeal from denial of habeas corpus by the District Court. On due process and Sixth Amendment grounds appellant asserts that, during the early hours of his arrest and incarceration on a charge of driving while intoxicated, police officers had an affirmative duty to advise him of his right to counsel and an affirmative duty to provide him an opportunity through scientific tests [1] to obtain and preserve evidence of his relative condition of sobriety.

There is no issue of denial of requested counsel. There was no in-custody interrogation. Appellant volunteered no incriminatory statements. He was arrested, and within about ten minutes arrived at the jail. He was booked, during which participating officers observed his objective symptoms of intoxication, as to which they later testified. Pursuant to a local police policy he was put in a cell for use of those charged with offenses involving intoxication. There he remained for a period of approximately six to eight hours, then was moved to another cell. After approximately two more hours he asked to call an attorney and was allowed to do so.

At his trial three police officers testified that appellant had a strong odor of alcohol on his breath, staggered when he walked and talked in a thick-tongued manner. Also there was testimony that he sat down in the elevator carrying him from the first to the second floor and refused to get off, and that the arresting officer had to call for assistance to get him into the cell.

Appellant testified at his trial that on arrival at the jail he requested a doctor for the sole reason that he was hurting from an injury. The police officers testified he made no such request. When appellant used the telephone as described above, he called an attorney and his employer but made no effort to call a doctor. The habeas petition was, by agreement, submitted on the full record of the state proceedings. The habeas judge made no explicit credibility finding on the issue of request for a doctor, but it is implicit in the habeas order that he accepted the testimony of the officers.

The jail had no equipment for scientific tests to determine intoxication. At no time did appellant ask for any kind of test, scientific or otherwise.

Appellant's contentions spring from the argument that during the period of incarceration the evidence of his condition that might have been available became unavailable by reason of the normal functioning of bodily processes, requiring counsel or availability of tests —either or both—to preserve the evanescent evidence before it dissipated. Appellant points out that preservation could be by a scientific test, by traditional nonscientific tests such as walking the line, picking up coins, finger to nose test, or simply from observation of the accused by witnesses who could visually record his appearance and objective symptoms.[2]

Appellant does not claim that police are required to administer a test, only to make it available. Nor is there any claim that the temporary incarceration was itself illegal or that it was under a

1. Such as analysis of blood, urine or breath.

2. Actually, in the last described sense there was preservation of evidence. The arresting officer observed, and testified to, the erratic manner in which appellant drove his car. A few minutes later officers at the jail observed his conduct and objective symptoms. But appellant says this kind of preservation is not sufficient, that if visual observation is to be the sole means, the accused is entitled to observation by nonpolice witnesses. Appellant had the benefit of such observation, although not at the station house. A companion was with him in the car, was not arrested, and testified to his sobriety, based on her observations of his conduct and appearance.

policy invidiously designed to suppress evidence.

There are some threshold questions. In direct appeals in state courts[3] appellant has raised the issues now before us, and we perceive no substantial issues of fact. Therefore he exhausted state remedies. Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); Irvin v. Dowd, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

Appellant was charged with both DWI and reckless driving. He was exposed to 180 days imprisonment and fines of $600 (plus 200 more days if the maximum fines were assessed and had to be worked out, plus a possible loss of driver's license.) The total potential punishment was such that at some stage appellant was entitled to be advised of his right to counsel. James v. Headley, 410 F.2d 325 (5th Cir. 1969); Goslin v. Thomas, 400 F.2d 594 (5th Cir. 1968); McDonald v. Moore, 353 F.2d 106 (5th Cir. 1965); Harvey v. Mississippi, 340 F.2d 263 (5th Cir. 1965).

Appellant was released on appeal bond. That status was sufficient "custody" to entitle him to seek habeas. Marden v. Purdy, 409 F.2d 784 (5th Cir. 1969). Statements of change in that status are made in pleadings and in correspondence to this court, but the District Court made no findings on that issue, and we consider the petition was ripe for decision.

The Sixth Amendment does not require the availability of counsel to preserve the accused's evidence from dissipation or disappearance arising solely as a consequence of incarceration. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) articulates the right to counsel at a post-indictment lineup. This facet of *Wade* is based on the peculiar and grave potential for

prejudice, intentional or not, in the police-arranged confrontation between witnesses and accused at the lineup. *Wade* does not require the presence of counsel for the accused in the position of appellant. No distillation of *Miranda* required that the usual warnings incident to interrogation be given the appellant.

Appellant was not deprived of due process. There was no police or prosecutional suppression of evidence such as to bring into play Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The totality of facts, in the light of all the considerations, did not "constitute a denial of fundamental fairness, shocking to the universal sense of justice" and therefore violative of due process. Betts v. Brady, 316 U.S. 455 at 462, 62 S.Ct. 1252 at 1256, 86 L.Ed. 1595 at 1602 (1942). State courts have held that police refusal of the accused's request to use the telephone to seek a test, or to call a doctor to make a test, is a denial of the due process requirement of a fair trial. City of Tacoma v. Heater, 67 Wash.2d 733, 409 P.2d 867 (1966); State v. Munsey, 152 Me. 198, 127 A.2d 79 (1956); In re Newbern, 175 Cal. App.2d 862, 1 Cal.Rptr. 80 (1959). In Winston v. Commonwealth, 188 Va. 386, 49 S.E.2d 611 (1948) the accused's evidence of his relative state of sobriety was dissipated during an illegal detention in violation of state requirements that he be taken before a committing magistrate. None of those cases are applicable to the case before us.

The appellant contends that by reason of a local police policy, since changed, of holding incommunicado for six to eight hours one charged with driving under the influence, he would have been denied use of a telephone if he had requested it and likewise would have been denied counsel if earlier requested. Since he made no such requests, and it is not claimed that the absence of requests sprang from prior

3. Capler v. City of Greenville, 207 So.2d 339 (Sup.Ct.Miss.) cert. denied, 392 U.S. 941, 88 S.Ct. 2323, 20 L.Ed.2d 1403 (1968).

knowledge of the asserted policy, the District Court did not err in finding that he did not show himself to be a victim of the policy.

Affirmed.