**Application of William G. JACKSON, for a Writ of Habeas Corpus.**

**No. C–71–355.**

United States District Court,
W. D. Tenenssee, W. D.

Sept. 3, 1971.

Thomas L. Robinson, Memphis, Tenn., for petitioner.

J. N. Raines, Asst. U. S. Atty., Memphis, Tenn., for respondent.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

WELLFORD, District Judge.

This is a habeas corpus action by William G. Jackson who alleges that he is being unconstitutionally detained and restricted within this District by the respondent, Department of Justice, Office of United States Marshall, Western District of Tennessee. An indictment was returned by the Grand Jury, Northern District of Illinois styled "United States of America . . . v. William G. Jackson . . . No. CR 71–790 . . ."

Petitioner William G. Jackson, having been found in this district was taken before the Magistrate for the purpose of conducting a removal hearing. At the conclusion of this hearing, Magistrate Aaron C. Brown, Jr., found the petitioner herein to be the same William G. Jackson named in the Illinois indictment and recommended that a removal warrant be issued "directing that petitioner

be removed to the Northern District of Illinois or be released upon executing a bond in the amount of $4,500.00 and posting $450.00 in cash to report as directed by the United States District Court for the Northern District of Illinois".

Subsequently, petitioner executed the $4,500.00 bond by depositing in the Registry of the Court the sum of $450.00.

Jackson here attacks the removal proceeding and the resulting report and recommendation entered by the Magistrate as being void and illegal based upon conflicting evidence as regards both identity and the commission of the offense. Specifically, petitioner asserts that he was denied the right to complete cross-examination of witnesses who appeared against him; that he was denied the right to introduce evidence in his own behalf; and that he was denied the right to be confronted with the witnesses against him and to have compulsory process for obtaining witnesses and evidence in his favor.

On this posture, then, there are two primary questions to be decided in this habeas corpus proceeding:

1) Is the petitioner "in custody" pursuant to the requirements of 28 U.S.C. § 2241 et seq.?

2) Can petitioner properly seek review of his removal proceeding by means of a habeas corpus petition?

### I.   "In Custody" Requirement

While there is authority to the contrary, "[t]he cases generally hold that a person who is at large on bail is not in custody so as to entitle him to a writ of habeas corpus." State of Tennessee ex. rel. Ford v. Morris, 236 F.Supp. 780, 782 (E.D.Tenn., 1965) [citing among others Stallings v. Splain, 253 U.S. 339, 40 S. Ct. 537, 64 L.Ed. 940 (1920) and Baker v. Grice, 169 U.S. 284, 18 S.Ct. 323, 42 L.Ed. 748 (1898)].

We are mindful of the Supreme Court's decision in Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed. 2d 285 (1963), but feel that it does not require a contrary holding in this instance. In *Jones*, the Court held that a former prisoner on parole could maintain a petition for a writ of habeas corpus. The Court emphasized, however, that petitioner's parole was subject to many conditions which controlled his day-to-day actions. In particular, he was confined to his community, house and job at the sufferance of his parole officer. Persons at large on bond, and particularly the petitioner in the instant case, are not subject to such control and limitations.

Petitioner also relies, in this connection on Capler v. City of Greenville, Miss., 422 F.2d 299 (5th Cir., 1970) and Choung v. People of State of California, 320 F.Supp. 625 (D.C.Cal., 1970). In *Capler*, petitioner was released on an appeal bond after he had been tried and convicted. In *Choung*, petitioner had been tried and convicted and was granted a stay of execution of sentence to allow him to seek federal habeas corpus relief. The petitioner in the case at bar has not been tried, but only indicted. He has no appeal pending nor has he suffered the pronouncement of a sentence.

■ Some recent decisions interpret the "in custody" requirement liberally. See Jones v. Cunningham, *supra*; Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L. Ed.2d 426 (1968). The Court feels that a petitioner who is at large on bond is not sufficiently "in custody" under 28 U.S.C. 2241 et seq. under present circumstances. See Forsythe v. State of Cal., 307 F.Supp. 67 (D.C.Cal., 1969); United State ex rel. Granello v. Krueger, 306 F.Supp. 1046 (D.C.N.Y., 1969); Odell v. Haas, 280 F.Supp. 208 (D.C. Wis., 1968).

### II.   Review of Removal Proceedings by Habeas Corpus

■ Our holding that this petition for a writ of habeas corpus must fail on the ground that petitioner is not "in

custody" could dispose of this matter. We feel, however, that it is appropriate to discuss the second issue in this case because it is an issue requiring some clarification. In a removal proceeding, in order to effect the removal of the accused from one Federal District to another for trial, a certified copy of the indictment shall be produced and the identity of the accused as the one named in the indictment must be established. See Cox v. United States, 373 F.2d 500 (8th Cir., 1967); United States v. Schwartz, 372 F.2d 678 (4th Cir., 1967); United States v. Johnson, 45 F.R.D. 427 (D.C.Nev., 1968).

As previously stated, petitioner attacks the proceedings before the magistrate on the issues of both identity and commission of the offense or probable cause.

## A. Probable Cause

In regard to petitioner's attack on the magistrate's finding of probable cause, the government introduced an attested copy of the indictment issued against petitioner by the Illinois grand jury. In a removal proceeding, probable cause is shown and a prima facie case is made against an accused by the introduction of a properly authenticated copy of the indictment from the district to which removal is sought. Haas v. Henkel, 166 F.2d 621 (D.C.N.Y., 1909), aff'd 216 U.S. 462, 30 S.Ct. 249, 54 L.Ed. 569; Butler v. United States, 191 F.2d 433 (4th Cir., 1951); Lefkowitz v. Schneider, 51 F.2d 685 (3rd Cir., 1931). Some cases have gone so far as to conclude that the indictment itself serves as conclusive proof of probable cause. Miller v. United States, 396 F.2d 492 (CA 8, 1968), cert. denied 393 U.S. 1031, 89 S.Ct. 643, 21 L.Ed.2d 574; United States v. Winston, 267 F.Supp. 555 (D. C.N.Y., 1967). Petitioner contends that the fact that the copy actually introduced by the government at the hearing was an attested copy rather than a certified one renders it ineffective to establish probable cause of commission of the crime in question.

Black's Law Dictionary (Rev'd 4th ed.) defines "attest" as follows:

"To bear witness to; . . . to affirm to be true or genuine; . . . to certify; to certify to the verity of a copy of a public document; . . . to make solemn declaration in words or writing to support a fact . . ."

The attested copy of the indictment was allowed into evidence by the magistrate who concluded it was genuine and that the element of probable cause had been satisfied. Chief Judge Bailey Brown of this Court issued the removal warrant on the basis of the magistrate's rulings and findings. The Court feels that the issue of probable cause has been sufficiently and correctly considered for the purpose of removal. We do not, therefore, feel that an additional hearing is necessary on this question.

The language of the Court in Bonaventura v. United States, 55 F.2d 833, 834 (9th Cir., 1932) is applicable in this case:

"Appellant's second contention is that there was no proof of probable cause. The production before the Commissioner of a duly certified copy of the indictment found in the district to which removal is sought, together with the required proof of the identity of the accused, made a prima facie case against the accused for removal. Haas v. Henkel, 216 U.S. 462, 30 S.Ct. 249, 54 L.Ed. 569 . . .

In a recent case, Grigg v. Bolton, 53 F.2d 158, 160, this court said: . . . 'the indictment is prima facie evidence of the existence of probable cause for the making of the charge. If the defendant offers to rebut this evidence, the burden then rests with him; and unless positive evidence is produced, which satisfies the Commissioner that the presumption of probable cause established by the indictment is overcome, removal will be ordered.'

\* \* \* \* \* \*

In the case of Beavers v. Henkel, 194 U.S. 73 [at p. 87], 24 S.Ct. 605, 48 L. Ed. 882 . . . the Supreme Court again said: '. . . The defendant has there [in removal proceedings] no right to . . . impeach an indictment by evidence tending to show that the grand jury did not have testimony before it sufficient to justify its action.' "

## B. Identity

■ Upon consideration of the few authorities which have ruled on the question of whether an accused may seek review of removal proceedings, and particularly the issue of identity, by means of federal habeas corpus, we must conclude that this Court has no authority to review this matter.

In Bonaventura v. United States, supra, the Court stated at p. 834:

"Appellant contends that the evidence before the Commissioner was insufficient to establish the identity of the appellant as the person named in the indictment. A sufficient answer to this contention is that the Commissioner found that appellant's identity had been established. His findings on that question of fact are not open to review in this [habeas corpus] proceeding. The Supreme Court in the case of Horner v. United States, 143 U.S. 207, 215, 12 S.Ct. 407, 36 L.Ed. 126 . . . has said in no uncertain terms: 'The question of the identity of Horner was a question of fact, which the United States commissioner had full jurisdiction to decide, for the purpose of removal; and his decision will not be reviewed on habeas corpus . . . ' "

Likewise, in United States ex rel. Walmer v. Tittemore, 61 F.2d 909 (7th Cir., 1932) the Court stated:

"First. May A, arrested in one district upon a warrant there issued upon an indictment returned in another district, and whose identity, notwithstanding he is called B in the indictment, is established by a government witness before the court commissioner before whom removal proceedings are pending, review, by habeas corpus action brought in the district court where the arrest is made, the issue of identity of the party named in the indictment?

Second. May one who has been arrested pursuant to a criminal warrant issued upon the return of an indictment by a federal grand jury, and who has been released on his giving bond for his appearance in the court wherein the indictment was returned, after unsuccessfully contesting removal proceedings from one federal district to another, obtain his release through a writ of habeas corpus?

Our answer to both questions must be in the negative."

■ The Court of Appeals for the Seventh Circuit then held that both questions should be presented by special plea in the court wherein the indictment was returned at the same time the case is heard on the merits. [citing U. S. v. Murdock, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210 (1931) and Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940 (1920)]. The Court feels that this reasoning is sound and equally applicable to the case at bar.

Accordingly, for the reasons stated the Court hereby orders that petitioner's application for Writ of Habeas Corpus be denied.